THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* OSCAR KLEIN, Appellant.

Fourth Department, May 6, 1925.

Crimes — trial — burglary, third degree, and petit larceny — defendant was police officer at time of crime — jury visited scene of crime under authority of Code of Criminal Procedure, §§ 411 and 412 — it was prejudicial error to permit jury to become separated, to converse with third persons and to do other things not contemplated by statute — conviction reversed.

The conviction of the defendant of the crime of burglary in the third degree and of the crime of petit larceny will be reversed on the ground that prejudicial error was committed during the visit of the jury to the scene of the crime, which visit was made under the authority of sections 411 and 412 of the Code of Criminal Procedure, since it appears that the defendant was a police officer at the time of the alleged crime; that some time prior to the crime the defendant, as a police officer, had entered the building for the purpose of closing the doors; that the jury were accompanied to the scene of the crime by the judge, the defendant's attorney, the assistant district attorney, the stenographer and two officers who apparently were not sworn as required by section

412 of the Code of Criminal Procedure; that for all practical purposes the trial was continued at the scene of the crime in utter disregard of the provisions of sections 411 and 412 of the Code of Criminal Procedure, for it clearly appears from the affidavit by the defendant's attorney and from the stenographer's minutes made on the visit that the jury was not kept together in a body; that someone explained to the jury the manner in which the defendant entered the building at the time he entered it for the purpose of closing the door; that the jury were informed as to changes made in the building, since that time; that the complaining witnesses talked to a part of the jury while they were in the building and pointed out various things; and that the jury went upon the fire escape of a nearby building for the purpose of determining whether or not the principal witness who testified that he saw the defendant on the night of the crime from that location could have seen him.

APPEAL by the defendant, Oscar Klein, from a judgment of the County Court of the county of Erie, rendered against him on the 6th day of May, 1921, convicting him of the crime of burglary, third degree, and of the crime of petit larceny, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Hull & Hammond [Clark H. Hammond* and *Morris Goldstein* of counsel], for the appellant.

*Guy B. Moore, District Attorney [Walter F. Hofheins, Assistant District Attorney,* of counsel], for the respondent.

HUBBS, P. J.:

The defendant was a police officer of the city of Buffalo, N. Y. The testimony on the part of the People is to the effect that while on duty and in uniform, on the night in question, he and another police officer, also in uniform, broke and entered a building and took therefrom certain personal property. The conviction rests upon the testimony of the janitor of an adjoining theatre. His testimony is almost unbelievable in some regards. He was corroborated in some respects, however. Upon the record, the question of the defendant's guilt was very close and doubt remains as to the justice of the conviction. In fact, the learned county judge before whom the case was tried, in his opinion rendered upon granting a certificate of reasonable doubt, said: " I have a grave doubt in my mind as to his guilt." It is our duty, under such conditions, to examine the record with care to see that the defendant had a fair trial and that he was legally convicted.

Several alleged errors are urged for our attention, some of which might have been prejudicial to the defendant. We have reached the conclusion that the judgment of conviction must be reversed because of what occurred when the jury viewed the premises where the burglary occurred. We will not, therefore, discuss the other exceptions.

Fourth Department, May, 1925.                [Vol. 213

Upon request of one of the jurors and the consent of the assistant district attorney and of counsel for the defendant, the court permitted the jury to view the premises in question. It was conceded upon the trial that the defendant, on a night sometime before the night of the burglary, had been called to the same building, the rear door of which had been discovered open. He entered the open door and climbed up a partition, gaining admission to the store by going through a trap door. It was urged upon the trial that he entered the building on the night in question through a window near the door which had been left open on the previous occasion. It was further urged that the information which he had obtained in going into the store on the previous occasion enabled him to enter on the night of the burglary and make his way into the main store as he had previously done. The foregoing statement is necessary to an appreciation of what happened upon the view of the premises by the jury.

Section 411 of the Code of Criminal Procedure provides: " When, in the opinion of the court, it is proper that the jury should view the place in which the crime is charged to have been committed, or in which any material fact occurred, it may order the jury to be conducted, in a body, under charge of proper officers, to the place, which must be shown to them by a judge of the court, or by a person appointed by the court for that purpose."

Section 412 reads: " The officers, mentioned in the last section, must be sworn to suffer no person to speak to or communicate with the jury, nor to do so themselves, on any subject connected with the trial, and to return them into court without unnecessary delay, or at a specified time."

The court, the defendant, the defendant's attorney, the assistant district attorney, the jury, the stenographer and two officers visited the scene of the burglary. The record does not disclose that the two officers in charge of the jury were sworn as required by the section last quoted. Ten pages of the record were used in recording what took place at the scene of the burglary as taken by the stenographer. The defendant's attorney made an affidavit which was used upon the motion for a new trial. It takes up six pages of the record and describes in detail what took place. It was not in any way disputed. For all practical purposes the trial was continued at the scene of the burglary in utter disregard of the provisions of sections 411 and 412 of the Code of Criminal Procedure and of section 42 of the County Law (as amd. by Laws of 1913, chap. 394; Laws of 1915, chap. 443, and Laws of 1919, chap. 50), which provides for proper and convenient rooms wherein to transact the business of courts of record, and of section 191 of

the Judiciary Law, which provides that, with certain exceptions not here applicable, each term of the County Court must be held at the place designated by statute for that purpose.

Persons other than those mentioned took part in the general conversation. Questions and answers appear in the record, but it does not always appear who was speaking or that the speaker had been sworn as a witness. The jury was not kept " in a body " as required by section 411 of the Code of Criminal Procedure, but it separated, part going to the front of the store on Main street and part remaining in the alley at the rear. The stenographer did not take notes of all that was said to or in the presence of the jury, or of part of the jury. In fact, he could not, as the jury was separated and different members roamed at will all over the premises. Some one, it does not appear who, said: " Q. Is that where the officer went up; as I understand it, Judge, it was in this areaway that he got up somehow, up over where the trap door is. (Court to Klein): Show the jury which door." The defendant then proceeded to illustrate how he got into the store on the previous occasion when he was lawfully there. The assistant district attorney gave his view of the situation, whether in the presence of the defendant and of all of the jury does not appear, as follows: " Mr. Hofheins: That is a new partition, so that all the boards, yellow pine, that has been put in since the trouble of last September, and you can view it as though this partition was not there? [Door to the cellar to the left of the entrance.] Here, this is the trap door through which the defendant dropped, and this is the door that he opened which is locked with a bolt, etc. (rod) and here is the ladder that he put up, or a ladder that he claims was right here, that he put up for Roesch to come down with, and that they opened this door here and went out this way again."

One of the owners of the store, the complainant, talked to part of the jury while in the store and pointed out various things. He stated to part of the jury that changes had been made in the partitions, floor and various parts of the store since the night of the burglary. This was not taken by the stenographer and apparently was not in his presence. Upon the trial the principal witness for the People testified that he saw the defendant attempting to enter a rear window of said building on the night of the burglary; that he looked through an open or skeleton fire escape. It was urged by the defendant that he could not see through the fire escape in the night time. The jury was permitted to station itself where the witness testified he stood and to look for the purpose of determining whether the witness could see through the fire escape, although it was daylight and the witness testified that he looked in the dark.

Fourth Department, May, 1925.                    [Vol. 213

It would be useless to go into further details. It is apparent that the whole proceeding was in violation of the provisions of the statute.

The attorney for the defendant protested to some extent and asked the court to have the stenographer take down what was said. He was placed in a delicate position. If he had objected too strenuously it might have given the jury the impression that he did not want a full disclosure.

A view by a jury in a criminal case is regulated by the provisions of sections 411 and 412 of the Code of Criminal Procedure, heretofore quoted. The provisions of the statute should be substantially complied with and care should be taken to prevent the jury from conversing with third persons about the case. To permit a view by a jury to be conducted as was this one would tend to discredit the courts and weaken confidence in jury trials.

" The sole purpose and object of the view is to enable the jurors to more accurately understand and more fully appreciate the testimony of witnesses given before them. The wise and beneficent object of the statute should not be lost sight of. Trial judges should be careful to see that the purpose of the statute is not departed from and the view used for other purposes than that contemplated. * * * The jurors should be carefully guarded, and no one permitted to speak to them, in violation of the provisions of section 412, or other misconduct permitted. If the jurors be permitted to converse with outside persons with reference to the particulars of the crime, or should make inquiries with reference to material questions at issue, it would be misconduct within the *Gallo Case (supra)** which this court would feel bound to consider upon a review." (*People* v. *Thorn,* 156 N. Y. 286, 298, 299.)

It cannot be said that what transpired in this case " was harmless, or that it did not prejudice the defendant or affect his substantial rights." (*People* v. *Gallo,* 149 N. Y. 106.)

We do not mean to hold that upon a view of the premises by a jury in a criminal case every variation from the rule laid down by statute will necessitate the reversal of a conviction. (*People* v. *Johnson,* 110 N. Y. 134.) We do hold that under the facts in this case the defendant was not legally convicted and that a new trial should be granted.

Davis, Sears, Crouch and Taylor, JJ., concur.

Judgment of conviction and order reversed on the law and facts and new trial granted.

---

*See *People* v. *Gallo* (149 N. Y. 106).— [Rep.