Dye, J.
In this joint appeal by permission, the appellants contend that the affirmance in the court below of the trial court’s order denying their motion to set aside the verdict and for a new trial amounted to reversible error. The motion was based on an affidavit by defendants’ trial counsel in which he referred to statements allegedly made to him by certain of the jurors shortly after the verdict had been rendered to the effect that *296 they had viewed the premises where the crime was allegedly committed for the purpose of more easily understanding the evidence. There is no allegation that the jurors involved met or spoke with anyone except each other. The premises in question, at 120-20 Queens Boulevard in the Borough of Queens, are across the street and about one block away from the courthouse where the trial was held. It has long been familiar law that jurors may not impeach their own duly rendered verdict by statements or testimony averring their own misconduct within or without the juryroom; much less can they do so by statements presented in the form of hearsay affidavits (People v. Sprague, 217 N. Y. 373; Dalrymple v. Williams, 63 N. Y. 361; Fisch, New York Evidence, § 305; Richardson, Evidence [8th ed.], § 423). The rule is founded on sound public policy (Payne v. Burke, 236 App. Div. 527) which the Federal courts have applied to preclude a juror from testifying as to his own misconduct (McDonald v. Pless, 238 U. S. 264). Even though an unauthorized view of such premises is improper it is not, without more, such an impropriety as to require the granting of a new trial (People v. Johnson, 110 N. Y. 134; People v. Klein, 213 App. Div. 66; see 58 ALR 2d 1147). Absent any competent proof that the defendants were prejudiced in a substantial right affecting the verdict, the motion was properly denied (Code Crim. Pro., § 465; cf. People v. Kraus, 147 Misc. 906).
Other assigned errors need not detain us. We are satisfied that the proof adduced was sufficient as matter of law to support the judgment of conviction of each defendant on both counts of the indictment. Nor do we find that any error was committed with respect to the arresting officer’s testimony on identification from which it might be inferred that the defendant De Lucia had a prior criminal record.
The judgments of conviction should be affirmed.