◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY ANN PARKER, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered October 30, 1974, convicting defendant, upon her plea of guilty to the crime of manslaughter in the first degree and sentencing her, as a second felony offender, to a maximum term of 12 years and a minimum term of six years. On this appeal, defendant contends only that she was improperly adjudged a second felony offender, and it is conceded by both parties that, in accordance with the provisions of section 70.06 of the Penal Law, the trial court based its determination as to defendant's status upon the suspended sentence which she had received for a prior conviction in North Carolina. Since we have only recently declared section 70.06 of the Penal Law unconstitutional insofar as it makes the extent of punishment for a convicted New York felon "dependent upon the authorized sentence for an offense of which he has previously been convicted in another jurisdiction" *(People v Morton,* 48 AD2d 58, 60), this determination of the trial court must be reversed and defendant must be resentenced as a first felony offender. We decide no other issue. Judgment reversed, on the law, to the extent of vacating the sentence imposed on October 30, 1974, and matter remitted to the County Court of Ulster County for resentencing defendant

as a first felony offender. Herlihy, P. J., Greenblott and Main, JJ., concur; Kane and Larkin, JJ., concur in the following memorandum by Kane, J.

Kane, J. (concurring). *People v Morton* (48 AD2d 58) stands for the proposition that, as presently constituted, section 70.06 of the Penal Law is unconstitutional insofar as it purports to define a predicate felony conviction obtained in a foreign jurisdiction for the purpose of mandating certain increased punishment for subsequent New York offenders. However, it was clear that the underlying facts of Morton's prior Texas conviction for possession of marijuana were such as to negate the possibility that his conduct would have necessarily amounted to a felony under New York law or that the definition of the Texas law under which he was convicted would have necessarily been denominated a felony in this State. Thus, we did not specifically consider whether, despite the observed constitutional infirmity, section 70.06 of the Penal Law might nevertheless be interpreted in such a fashion as to retain some validity when a defendant's foreign conviction was based upon a statute or acts which would be a felony in this jurisdiction. That possibility is not negated in this case for it appears that defendant's prior North Carolina conviction was for "larceny by breaking and entering" which might well amount to some degree of burglary in New York. Nevertheless, we are constrained to concur with the majority that defendant must be resentenced as a first felony offender. Although various criteria may be validly employed to define predicate felony convictions *(People v Olah,* 300 NY 96, 102), to select one or a combination of them in the guise of interpreting the otherwise unconstitutional provision of this statute would be nothing more than a usurpation of the legislative function.