■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM W. DOWNS, JR., Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered January 13, 1975, convicting defendant, upon his plea of guilty, of the crime of attempted burglary in the third degree and sentencing defendant to a sentence of imprisonment with a minimum term of one and one-half years and a maximum term of three years. The prior felony for which defendant was convicted, and which serves as the predicate felony for his second felony offender classification, was committed in the State of Florida. Under section 70.06 of the Penal Law, a sentence in such a case is made to depend upon the authorized sentence in the foreign jurisdiction, and we have held such portion of the statute to be unconstitutional in *People v Morton* (48 AD2d 58) and *People v Parker* (49 AD2d 657, but see L 1975, ch 784, § 1). Respondent's contention that *Morton* is inapplicable where the crime for which the defendant was convicted in the foreign jurisdiction is defined as a felony under the law of New York was rejected in *Parker.* Therefore, the judgment must be reversed and the

matter remitted for resentencing of the defendant as a first-felony offender. Defendant also contends that his oral admissions should have been suppressed, alleging that the police continued to question him after he indicated a desire to have an attorney present. The police officer, however, testified that the defendant was fully advised of his constitutional rights and indicated that he understood those rights and would answer the officer's questions. The officer further testified that he specifically inquired as to whether defendant wanted an attorney and that the defendant replied that he did not want an attorney at the time of questioning, though he might want one at a later time. Issues of credibility were thus raised and resolved by the trial court in its finding that defendant's admissions were not obtained in violation of his rights. Being fully supported by the record, the factual determination by the trial court must be sustained. Judgment reversed, on the law, to the extent of vacating the sentence imposed on January 13, 1975, and matter remitted to the County Court of St. Lawrence County for resentencing defendant as a first-felony offender. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.