THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. SHANGRAW, Appellant.—Appeal from a judgment of the Supreme Court of Chemung County, rendered September 29, 1975, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree and sentencing him as a second felony offender. The defendant and one Robert J. Barton were separately indicted upon charges that on January 29, 1975 the defendant unlawfully entered the house of one Boyd at night and stole personal property exceeding the value of $250. Barton was charged as an accomplice. The People offered eyewitness evidence that the defendant was upon real property owned by Boyd and was observed carrying items of personal property to the edge of such real property; loading it into a car; and was apprehended in the car with personal property identified as belonging to Boyd. An informant-agent of the Sheriff's department testified as to his actual participation in the commission of the crime at the direction of a representative of the law enforcement agency and he identified the defendant and Barton as participants. The defendant and the codefendant did not testify or offer any direct evidence that they did not participate in the crime. However, upon the cross-examination of the informant the defense of entrapment was established as a factual matter for the jury. The defendant was aware before trial that such a defense was available and on that basis objected to a motion to consolidate his case with that of Barton's. Upon this appeal he urges that the trial consolidation was erroneous and prejudicial to his right to a fair trial, however, the matters referred to as prejudicial are of little consequence and it does not appear that anything less than a fair trial was afforded the defendant. The evidence as to entrapment in this case depended entirely upon the jury evaluation of credibility and circumstantial evidence. The question was one for the jury and it cannot be said that as a matter of law the defendant established the defense of entrapment so as to be entitled to a dismissal of the indictment. The informant denied encouraging the defendant to commit the subject crime and the cumulative effect of his participation was for the jury. The defendant was sentenced as a second felony offender based upon a prior conviction for burglary in the State of Pennsylvania. In the case of *People v Morton* (48 AD2d 58) this court held that section 70.06 of the Penal Law as it related to out of State convictions was unconstitutional. (See, also, *People v Parker,* 49 AD2d 657.) The Court of Appeals, however, has recently reversed the *People v Parker* case (41 NY2d 21) and declared that section 70.06 of the Penal Law is constitutional. The

defendant had pleaded guilty to the second felony charge and, accordingly, he was properly convicted thereof. Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.