■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. BARTON, Appellant.—Appeal from a judgment of the Supreme Court of Chemung County, rendered September 29, 1975, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree. The defendant was indicted upon charges that on January 29, 1975 he solicited, importuned and intentionally aided one John Shangraw in the commission of the crime of burglary in the second degree by transporting Shangraw to the house of one Boyd, assisting Shangraw load property into an automobile, and driving away with Shangraw in the automobile. Defendant was also charged with stealing personal property exceeding the value of $250. Shangraw was indicted separately. Both the defendant and Shangraw were identified as participants in the commission of the crimes by an informer-agent of the Sheriff's department who testified as to his own actual participation at the direction of a representative of the law enforcement agency. Both defendant and Shangraw were tried together after a motion to consolidate was granted and both were convicted. Shangraw's conviction was recently affirmed by this court (People v Shangraw, 55 AD2d 796). Defendant contends that the granting of the consolidation motion was an abuse of discretion by the trial court, and deprived him of a fair trial. In opposing the motion, defendant failed to demonstrate, with any certainty, that Shangraw would testify. Since the possibility of Shangraw's

testifying was merely speculative, we are of the view that the trial court did not abuse its discretion in granting the motion for consolidation (see *People v Bornholdt,* 33 NY2d 75, 87). Nor do we find any merit in defendant's contention that the consolidation was prejudicial and deprived him of a fair trial. It is also urged by defendant that the defense of entrapment was established by a preponderance of the evidence. Whether the informant's participation and conduct constituted entrapment was for the jury's determination and based upon the record we are of the opinion that the defense of entrapment was not established as a matter of law so as to require dismissal of the indictment (see *People v Shangraw, supra).* Prior to sentencing defendant moved for an order vacating the judgment of conviction claiming that one of the jurors had stated after the trial that he had a nephew with the same name as defendant who had "on several occasions been in trouble because of" defendant's actions. Defendant, however, failed to show by any competent proof that he was prejudiced in a substantial right affecting the verdict and, therefore, the motion was properly denied (see *People v De Lucia,* 15 NY2d 294; *People v Thompson,* 198 NY 396; *People v Phillips,* 87 Misc 2d 613). We have considered defendant's other arguments and find them unpersuasive. The judgment should be affirmed. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.