THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE SANCHEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated January 3, 1978, which, after a hearing, (1) granted defendant's motion to set aside a jury verdict finding him guilty of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and (2) ordered a new trial. Order reversed, on the law, verdict reinstated, and case remanded to Criminal Term for the imposition of sentence. The trial court improperly set aside the jury's verdict. After a letter was sent by the defendant's attorney to a juror—without either the court or the District Attorney being informed that the letter was being sent—a motion to set aside the verdict was made and a hearing was ordered. The juror testified that she had some misgivings in having joined the other jurors in finding the defendant guilty on all three counts of the indictment; she claimed that she relied on assertions by other jurors that there had to be a guilty verdict on all three counts of the indictment. When the verdict was rendered, the trial court and the defendant's attorney both had ample opportunity to inquire further of the juror as to whether she had, indeed, agreed with the other jurors on their verdicts of guilt. In fact, the record discloses that the court intervened when the jury was polled and that it questioned this juror following her hesitant response on the polling to assure that it was her verdict. At the hearing, her testimony did not disclose that there was an error in recording the verdict, which she gave as the forelady, or upon her being polled. On the contrary, it merely established that she was persuaded by the interpretation of the law given by more voluble and articulate jurors in the sanctity of the jury room. As noted by Chief Judge Desmond, in his dissenting opinion in *People v De Lucia* (15 NY2d 294, 297), citing, *inter alia,* Wigmore, Evidence (vol 8 [McNaughton rev], § 2349), jurors are not to be importuned or questioned as to the methods whereby they arrived at their decision. To sustain the trial court's vacatur of the jury's verdict would invite repeated and persistent posttrial importunities and inquiries. As the court noted in *People v Alston* (NYLJ, Nov. 10, 1976, p 46, col 6), encouraging such posttrial inquiries would render jury verdicts tentative and they would be "vulnerable to changes of heart, or the exhortations of discontented parties". Titone, J. P., Suozzi, Margett and Hawkins, JJ., concur.