Burton B. Roberts, J.
Defendant, Rocco Mazzie, in a presentence memorandum, has challenged the constitutionality of section 70.06 of the Penal Law, the second-felony offender provision recently enacted in conjunction with the increased penalty structure for narcotics offenses, commonly known as the “ Rockefeller Law ” (L. 1973, chs. 276, 277). Section 70.06 provides for mandatory minimum State prison, sentences for any one convicted of a felony in New York who, within 10 years of the present offense, has been convicted “ in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a *1015 term of imprisonment in excess of one year * * * was authorized irrespective of whether such sentence was imposed ” (subd. 1, par. [b], cl. [i]). The 10-year period is tolled by the length of time the defendant may have been incarcerated, for any reason, in the interim (subd. 1, par. [b], cl. [v]).
Defendant has entered a plea of guilty to the crime of attempted bribery, a class E felony, allegedly committed on September 26, 1973. The presentence report of the Probation Department reveals, and defendant concedes, that in April, 1959 he was convicted in the United States District Court for the Southern District of New York of a felonious conspiracy to violate the Federal narcotics laws (U. S. Code, tit. 21, former §§ 173, 174). He was thereupon incarcerated for some seven years, placing that conviction within a 10-year period of the instant offense, as extended by the incarceration. According to the new second-felony offender law, therefore, defendant has a predicate felony conviction, requiring the imposition of a mandatory minimum sentence for the present offense.
Nevertheless, defendant maintains that section 70.06 may not constitutionally be employed to increase his punishment in this case. He points out that the New York equivalent of the crime ' of which he was convicted in the Federal jurisdiction was but a misdemeanor, conspiracy, under section 580 of the former Penal Law. In fact, in People ex rel. Goldman v. Denno (9 N Y 2d 138) the Court of Appeals had occasion to consider the effect of a conviction for this same Federal offense under an earlier predicate felony statute (former Penal Law, § 1941) and specifically held that it would have been a misdemeanor if perpetrated here. (See People v. Olah, 300 N. Y. 96.) Given the New York misdemeanor classification of his prior conviction, defendant, notwithstanding the serious nature of his prior conduct by ail present standards, does have technical standing to make a two-pronged constitutional attack on the application of the second-felony offender statute to cases involving prior convictions in other jurisdictions which would not have been felonies under New York law. The first such ground is that this application of the law .violates sections 1 and 16 of article III of the New York State Constitution in that it improperly delegates legislative power to the Legislatures of other jurisdictions and incorporates by reference the laws of those jurisdictions which would not be felonies in New York. The second ground is that it improperly treats those convicted in other jurisdictions more harshly than it treats persons convicted in New York State courts for the same conduct and therefore violates the *1016 equal protection clause of the Fourteenth Amendment of the United States Constitution (and its equivalent in the N. Y. Const., art. I, § 11).
I believe that both contentions are correct and hold that application of section 70.06 is unconstitutional when the alleged predicate conviction would not have been a felony under New York law. As a result, the mandatory minimum sentence provisions of the new law cannot be invoked in the instant case. It should be noted at the outset of this discussion that the multiple felony offender provisions of sections 1941 and 1942 of the former Penal Law, which were not adopted in the revised Penal Law, were consistently held to not be violative of any constitutional rights. Serious recidivism is clearly a proper basis for increased penalties. (Oyler v. Boles, 368 U. S. 448, 451; People v. Wilson, 13 N Y 2d 277, 281; People v. Gowasky, 244 N. Y. 451; People ex rel. Cosgriff v. Craig, 195 N. Y. 190.) These earlier statutes, however, required that in order for a prior conviction to constitute a predicate felony for purposes of punishment, it had to be for a crime “ which, if committed within this state, would be [a felony] ”. The offender’s prior conduct was thus measured against New York standards of behavior. The new provision contains no such relationship to the legislation of this State. It makes a predicate felony of a conviction for any act for which the Legislature of any jurisdiction has seen fit to authorize a possible maximum sentence of imprisonment of more than one year, regardless of the actual sentence imposed and regardless of whether the prior offense would have been considered a serious crime — or any crime at all — in New York.[1]
Essentially framed, then, the question raised by the first ground of the instant attack is whether the statute in question can properly rely upon the laws of other jurisdictions to specify conduct which must be considered by this State to be the basis for the mandatory imposition of increased punishment for a New York offense.
*1017 Section 1 of article III of the New York State Constitution provides that “ The legislative power of this State shall be vested in the Senate and Assembly.” A corollary of this section is that the Legislature may not delegate its legislative powers to any other legislative body. (Burke v. Kern, 287 N. Y. 203; People v. Kennedy, 207 N. Y. 533.) To do so would violate the fundamental concept of representative democracy upon which our system is based: that the Legislature act in the interests of, and be answerable to, its own electorate. (See Stanton v. Board of Supervisors, 191 N. Y. 428.) The classification of offenses for purposes of punishment and the prescription of punishment for crimes is clearly legislative power (People v. Blanchard, 288 N. Y. 145) and thus it may not be delegated to the Legislature of another jurisdiction. Punishment, it follows logically, must be based upon New York standards by a Legislature responsible to the citizenry of this State. The provision in question, insofar as it relies on the standards of other jurisdictions to establish who must be considered a second felony offender in New York and receive mandatory increased punishment, violates this principle.
This constitutional infirmity becomes clearer when the prohibition against the delegation of legislative power is read together with the constitutional restriction against a statute incorporating the laws of other jurisdictions by reference, which is contained in section 16 of article III of the State Constitution. (See Darweger v. Staats, 267 N. Y. 290.) This section provides: “ No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act.” In People ex rel. Board of Comrs. of Washington Park v. Banks (67 N. Y. 568,575-576) our State’s highest court stated the reasoning behind this provision in language significant to this case: The evil which this provision of the Constitution was designed to correct was the incorporating into legislative enactments by a mere reference to some existing statute a clause or provision affecting public or private interests to an extent or in a manner not disclosed upon the face of the act itself, and of which the legislators might be utterly ignorant at the time of its enactment.
In these terms it is difficult to imagine an incorporation more sweeping than the adoption by section 70.06 of the criminal laws of every Federal, State, local and even foreign jurisdiction. The Legislature could not possibly have been aware, nor could it have intended, that by virtue of this statute, persons con *1018 victed of fornication in Alabama (Ala. Code, tit. 14, § 16), seduction in Texas (Tex. Penal Code, tit. 10, art. 505), blasphemy in New Jersey (N. J. Stat., § 2A :140-2), vagrancy in Rhode Island (R. I. Gen. L., § 11-45-1), or of stealing a library book in North Carolina (N. C. Gen. Stat., § 14-398) or a turkey in Arkansas (Ark. Stat., § 41-3916.1) must be treated as second felony offenders in Ne'w York and given mandatory minimum sentences. Nevertheless, such would be the result under this second felony offender law if it is permitted to incorporate crimes which would not be New York felonies. Each of the above-named offenses carries a penalty of more than one year’s imprisonment. So do uncountable others, perhaps less unconscionable, by New York standards, than the ones cited, but all having the common characteristic of being a petty offense or no crime at all in this enlightened State. The incorporation of them into our penalty structure cannot constitutionally be tolerated.
The issue raised by the equal protection argument is whether a multiple offender statute may properly treat individuals who have engaged in the same predicate criminal conduct in different jurisdictions or in overlapping State and Federal jurisdictions differently^ solely on the basis of the punishment prescribed for the conduct by the laws of prosecuting jurisdiction. In Skinner v. Oklahoma (316 U. S. 535) the Supreme Court held that an habitual offender statute which unequally treated people who had engaged in conduct which was intrinsically the same (punishing individuals with prior convictions for “ larceny ” and not those previously convicted of “ embezzlement ”) violated the equal protection clause. The only issue left to be determined here, in view of Skinner, is whether a difference only in the amount of possible punishment prescribed for the conduct by the statutes of the prosecuting jurisdiction transforms an otherwise improper classification into one which is ‘ ‘ reasonable, not arbitrary ” and which rests “ upon some ground of difference having a fair and substantial relation to the object of the legislation.” (Reed v. Reed, 404 U. S. 71, 76.)
The People argue that the statute in question may discriminate on this basis because the punishment prescribed for the prior offense by the local jurisdiction reflects the seriousness of the violation and, therefore, the degree of defendant’s moral depravity, as properly measured by the prevailing norms of the society whose rules were breached. This argument however, does not speak to the situation in the instant case where, as a *1019 result of the different penalties prescribed by the overlapping Federal and State jurisdictions, the identity of the prosecutor is what is permitted to determine the effect of the predicate conviction under the statute. Such result is itself constitutionally intolerable and would be enough to be dispositive here. But even giving the People’s argument its due, it must be seriously doubted that the punishment prescribed by a penal statute can be considered an accurate barometer of the gravity of the defendant’s conduct in view of the numerous cases where prosecutors ‘ ‘ over-indict ” and defendants plead guilty knowing they will receive far less than the prescribed punishment or none at all. For this reason, blind reliance on a prescribed statutory maximum sentence is simply irrational and bears little relationship to the statutory objective of section 70.06, which is to increase punishment for “hard-core” offenders. More importantly, any difference based solely upon prescribed statutory punishment between.those who are convicted of certain conduct in other jurisdictions and subject to second-felony offender treatment and those who are convicted of the same conduct in New York and are not so subject is clearly insubstantial in relation to this objective and therefore violates equal protection.
Graham v. State of West Virginia (224 U. S. 616) and Oyler v. Boles (368 U. S. 448, supra) cited by the People, do not support the validity of section 70.06 on the equal protection grounds herein alleged. These cases involved different West Virginia habitual offender statutes which provided for increased punishment for someone who had previously been sentenced to (in Graham), or convicted of a crime punishable by (in Oyler), confinement in a “penitentiary”. Neither statute specifically mentioned its application to out-of-State convictions. While it is true that both cases held that the statutes therein challenged did not violate the equal protection clause, in Graham, each of the defendant’s prior convictions was had in West Virginia, and his equal protection challenge was to the procedure employed in adjudicating him a recidivist. In Oyler, which involved two petitioners, one individual (Oyler) had three prior convictions in Pennsylvania which were punishable by confinement in a penitentiary there but the status of those crimes under West Virginia law was neither raised nor discussed. The other petitioner (Crabtree) had a prior West Virginia felony in addition to one in Washington and, again, the status of the out-of-State conviction under West Virginia law was never dealt with by *1020 the court. More importantly, both petitioners ’ equal protection claims were only based upon the alleged selective enforcement of the provision against them by the prosecutor.
For the foregoing reasons, I must declare section 70.06 of the Penal Law unconstitutional as applied to this case.

. It should be noted herein that section 70.10 of the Penal Law presently in effect, provides a life term of imprisonment, in the discretion of the sentencing court, for a “ persistent felony offender ”, i.e., one who has previously been convicted of two or more felonies. A “ previous felony conviction ” under this statute is defined as a conviction of a felony in this State, or of a crime in any other jurisdiction, provided that the defendant was sentenced to more than one year therefor and was imprisoned under such sentence. A constitutional test of this section on grounds similar to those alleged in the instant case appears, from this court’s research, to have never been attempted. For a complete discussion of the history and judicial interpretation of recidivist statutes in New York, past and present, see A. Rosenblatt, New York’s Drug Laws and Sentencing Statutes [1973], ch. 6, 7, § 28 et seq. ■