THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JEFFREY MORTON, Appellant.

Third Department, May 8, 1975

*Douglas P. Rutnik, Public Defender,* for appellant.

*Sol Greenberg, District Attorney,* for respondent.

MAIN, J. This is an appeal from a judgment of the County Court of Albany County, rendered February 13, 1974, convicting defendant, upon his plea of guilty of criminal possession of a controlled substance in the fifth degree, a class C felony, and sentencing him, pursuant to section 70.06 of the Penal Law, as a second felony offender.

On September 17, 1973, defendant was arrested in the City of Albany and charged with criminal possession of marijuana in violation of subdivision 10 of section 220.09 of the Penal Law, a class C felony. Following his indictment and arraignment, he entered a plea of not guilty and moved to suppress the evidence seized at the time of his arrest. When this motion was denied, he changed his plea to one of guilty and came on for sentencing.

Prior to the imposition of sentence, it was established that defendant had been convicted of possession of marijuana in Harris County in the State of Texas on March 9, 1972 and that he had been sentenced therefor to five years in prison with the period of confinement suspended and probation imposed for five years. In view of this fact and in an obvious reference to section 70.06 of the Penal Law, the trial court stated at the time of sentencing that it was "obliged under the circumstances of this case * * * by virtue of the prior felony conviction in the State of Texas" to sentence defendant as a second felony offender to a maximum term of six years and a minimum term of three years in the custody of the Department of Correctional Services.

On this appeal, defendant argues that section 70.06 of the Penal Law is unconstitutional as applied to him because its application denies him the equal protection of the laws as guaranteed by both the Federal and State Constitutions (US Const, 14th Amdt; NY Const, art I, § 11) and also results in the delegation of legislative authority by the Senate and Assembly to Legislatures of other jurisdictions in violation of section 1 of article III of the State Constitution. We agree.

Enacted as part of a crime-controlling legislative package aimed at eliminating the illicit trafficking in and consumption of narcotics in this State, the questioned statute herein deals with the sentencing of second felony offenders. In pertinent part it provides that, to be a predicate felony, a prior conviction in a jurisdiction other than New York must have been for an offense for which a term of imprisonment in excess of one

year or a sentence of death was authorized, irrespective of whether such sentence was imposed (Penal Law, § 70.06, subd 1, par [b], cl [i]).

As becomes readily apparent upon a perusal of some of the unusual laws on the statute books of other jurisdictions, the implementation of this provision would serve to deprive defendants with prior out-of-State convictions of the equal protection of the laws. For example, convictions for vagrancy (RI Gen Laws, § 11-45-1), blasphemy (NJ Stat, § 2A:140-2), or the theft of a turkey (Ark Stat, § 41-3916.1), if obtained in the proper jurisdiction, would mandate second felony offender status under the present statute for one later convicted of a New York felony. That such a result would be purely arbitrary and without a basis in reason is amply demonstrated by the fact that, had defendant fortuitously performed these very same earlier acts in the State of New York, he would still be entitled to first offender status upon his sentencing for his subsequent New York felony conviction.

Defendant's further argument, that this statute violates the constitutional provision vesting the legislative power of the State of New York in the Senate and Assembly (NY Const, art III, § 1), is likewise persuasive. This power includes the responsibility for prescribing the proper punishment for the various criminal offenses *(People v Blanchard,* 288 NY 145) and, since it cannot be delegated to any other legislative body *(Burke v Kern,* 287 NY 203), the term of imprisonment authorized for an offense in another jurisdiction cannot serve as the basis for determining the extent of the punishment to which a defendant is subject upon his felony conviction in New York.

By virtue of the above considerations, we are compelled to declare section 70.06 of the Penal Law unconstitutional and, therefore, null and void, insofar as it provides that the extent of punishment for a convicted New York felon is dependent upon the authorized sentence for an offense of which he has previously been convicted in another jurisdiction. In so holding we note that the constitutional questions considered herein were previously discussed in a well-reasoned and carefully researched opinion with which we are in complete agreement *(People v Mazzie,* 78 Misc 2d 1014), and that defendant did not waive his right to mount his constitutional challenge by failing to proceed under CPL 400.21 for a determination as to whether or not he was a second felony offender. Those

procedures involve factual determinations as to defendant's past history of convictions which is not in dispute and has no bearing on the constitutionality of section 70.06 of the Penal Law.

The judgment should be reversed, on the law, to the extent of vacating the sentence imposed on February 13, 1974, and the matter remitted to the County Court of Albany County for resentencing defendant as a first felony offender.

SWEENEY, J, P., KANE, LARKIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, to the extent of vacating the sentence imposed on February 13, 1974, and matter remitted to the County Court of Albany County for resentencing defendant as a first felony offender.