Douglas F. Young, J.
The defendant, by his attorney, applies to the court for an order setting aside its sentence of June 21, 1974 on the grounds that it was illegally imposed. (CPL 440.20, subd 1.) The defendant was sentenced as a second felony offender in accordance with the provisions of section 70.06 of the Penal Law. He argues that the statute is unconstitutional or, at least, not applicable to him.
After a jury trial the defendant was convicted of arson in the second degree on April 25, 1974. At sentencing under an information alleging a predicate felony conviction, it was established that the defendant had been convicted in South Carolina of an assault and battery upon his wife, a felony. Certified records from South Carolina indicate that the facts underlying this predicate felony consisted of the defendant shooting his wife five times with a pistol.
*965 Under subdivision 1 of section 70.06 of the Penal Law an individual may be found to be a second felony offender if he has been convicted in any jurisdiction other than New York of an offense for which a sentence of imprisonment for a period in excess of one year or of death was authorized, irrespective of whether such sentence was actually imposed. There is no question but that this defendant fits within this definition. However, under section 812 of the Family Court Act, the Family Court has exclusive original jurisdiction over such intrafamilial disputes as an assault between spouses. Only upon the Family Court’s determination that its processes would not be appropriate in a particular case does a criminal court acquire jurisdiction. (Family Ct Act, § 816.) The defendant argues that this aspect of New York law and the absence of a similar South Carolina procedure renders section 70.06 of the Penal Law unconstitutional or, at least, not applicable to him.
The defendant’s is a two-step argument. First, this court would have to follow People v Mazzie (78 Misc 2d 1014). There Justice Burton Roberts found section 70.06 of the Penal Law unconstitutional insofar as it recognized as predicate felony convictions out-of-State convictions for crimes which would not have been felonies if committed in New York. Mazzie (supra) held that such a provision amounted to an unconstitutional delegation of legislative power: "The classification of offenses for purposes of punishment and the prescription of punishment for crimes is clearly legislative power (People v Blanchard, 288 NY 145) and thus it may not be delegated to the Legislature of another jurisdiction. Punishment, it follows logically, must be based upon New York standards by a Legislature responsible to the citizenry of this State. The provision in question, insofar as it relies on the standards of other jurisdictions to establish who must be considered a second felony offender in New York and receive mandatory increased punishment, violates this principle.” (People v Mazzie, supra, p 1017.) In addition, Mazzie (supra) found a denial of equal protection in classifying as prior felons those convicted of felonies in other States while persons who performed the same acts in New York would not be prior felons if New York did not punish such conduct as a felony.
Secondly, even if this court were to adopt the views expressed in Mazzie (supra), the defendant’s argument would not prevail unless we also found that People v Olah (300 NY 96), *966 which had been decided under the former Penal Law, was applicable to the new statute. In Olah (supra) the Court of Appeals held that an out-of-State conviction would not be considered a predicate felony conviction unless the minimum conduct necessary to constitute a violation of the foreign statute would also constitute a felony in New York. Thus, a court would not look at the accusations in a New Jersey indictment which accused the defendant of stealing $200, but rather at the statute which made it a felony to steal $20 or more. Since theft of $20 would be a misdemeanor, and not a felony in New York, the out-of-State conviction would not constitute a predicate felony. In the instant case, unless we look to the minimum conduct necessary to violate the South Carolina statute and then presume that had the crime occurred in New York the Family Court would have retained jurisdiction, the defendant’s argument avails not since his alleged conduct would have been a felony in New York. (Penal Law, § 120.05.)
The holding in Mazzie (78 Misc 2d 1014, supra) has not been universally adopted. In a prior decision Justice Balbach of the Supreme Court, Queens County, after an historical review of recidivist statutes (see also, Note, 48 Va L Rev 597), found that section 70.06 of the Penal Law transgressed no constitutional boundaries. (People v Starks, 78 Misc 2d 87.) In a subsequent decision addressed specifically to the reasoning in Mazzie (supra), Justice Quinn of the Supreme Court, Westchester County, held that there was neither an unconstitutional delegation of legislative authority nor a denial of equal protection. (People v Wixson, 79 Misc 2d 557.)
Recidivist statutes impose added penalties not for the prior conviction, but rather, in light of the prior conviction, a stiffer penalty is imposed for the crime of which the defendant currently stands convicted. (McDonald v Massachusetts, 180 US 311; Graham v West Virginia, 224 US 616.) Section 70.06 of the Penal Law is thus not the delegation to a foreign Legislature of the power to define and punish crime, but merely the description of circumstances under which enhanced punishment would be imposed for the violation of New York law. (See People v Wilson, 13 NY2d 277, 281; compare Darweger v Staats, 267 NY 290, 306, and People v Malmud, 4 AD2d 86, with People v Ryan, 267 NY 133.) The United States Supreme Court has held: "The statute under which it [the sentence] was rendered is aimed at habitual criminals; and *967 simply imposes a heavy penalty upon conviction of a felony committed in Massachusetts since its passage, by one who had been twice convicted and imprisoned for crime for not less than three years, in this, or in another State, or once in each. The punishment is for the new crime only, but is the heavier if he is an habitual criminal * * * It is within the discretion of the legislature of the State to treat former imprisonment in another State, as having the like effect as imprisonment in Massachusetts, to show that the man is an habitual criminal.” (McDonald v Massachusetts, supra, pp 312-313; accord, Tyrrell v Crouse, 422 F2d 852; State of Kansas v Crowe, 207 Kan 473.) Thus, according foreign felony convictions the same status as domestic ones in the context of a recidivist statute is not an unconstitutional delegation of legislative authority.
The classification of individuals with prior out-of-State felony convictions as prior felons for sentencing purposes is rationally related to the object of the statute and does not violate the guarantee of equal protection. (Cf. Marshall v United States, 414 US 417.) Exaggerated fears of frivolous or perverse sister-State felony conviction derive from an outdated chauvinism. Arkansas felony convictions for the theft of a turkey (Ark Stat, § 41-3916.1) are no more likely than New York felony convictions for interference with or injury to domestic animals (Agriculture and Markets Law, § 361). As was pointed out in People v Wixson (79 Misc 2d 557, supra), where the felony categorization is grossly disproportionate to the gravity of the defendant’s out-of-State conduct, he may avail himself of the procedure in CPL 400.21 (subd 7, par [b]) for challenging the validity of the prior conviction. In the instant case, the defendant did not controvert the predicate felony information.
A return to the People v Olah test of predicate felony convictions would involve the same nice complexities and whimsical inquiries into what might have been which led contemporary authorities to criticize the decision (see, 25 NYUL Rev 653; 50 Col L Rev 247; 63 Harv L Rev 1448) and the Legislature to adopt another test when enacting the Penal Law in 1967 (see, Hechtman, Practice Commentaries, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 70.10, p 222). (See People v Sibila, 81 Misc 2d 1028 [Lockman, J.].) Such a test is thus neither desirable nor necessary.
The constitutionality of section 70.06 of the Penal Law was challenged in People v Bryant (47 AD2d 51). The court sus *968 tained the constitutionality on the issues before it on that appeal. However, the point which is the subject of this motion was not determined, the court stating in a footnote (pp 53-54): "1. There is a third issue: Whether the provisions of section 70.06 of the Penal Law which defines a predicate felony (for the purpose of determining the applicability of the second felony offender sentencing provisions thereof) by permitting the use, as a predicate felony conviction, in addition to a conviction in this State of a felony, of a conviction 'in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or of a sentence of death was authorized’ (a) violate the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution and (b) are an improper (i) delegation of the legislative power to prescribe punishment to the Legislatures of other States in violation of section 1 of article III of the Constitution of the State of New York and (ii) incorporation in our law, by reference, of the laws of other jurisdictions in violation of section 16 of article III of the Constitution of the State of New York * * * We do not reach these questions because all of the prior predicate felony convictions in the six cases before us are, in fact, New York State convictions.”
On May 8, 1975 the Appellate Division, Third Department, in People v Morton (48 AD2d 58), reversed the second felony sentence of the defendant and remitted the matter to the County Court of Albany County for resentencing of defendant as a first felony offender expressly adopting the rationale of People v Mazzie (78 Misc 2d 1014, supra). It found section 70.06 of the Penal Law unconstitutional insofar as it provided that the "extent of punishment for a convicted New York felon is dependent upon the authorized sentence for an offense of which he has previously been convicted in another jurisdiction” (Morton, supra, p 60). So far as I can determine, the Appellate Division, Second Department, has not ruled on the issue. Therefore I am bound by the ruling of the Appellate Division, Third Department.
In Matter of Weinbaum (51 Misc 2d 538, 539), the court stated: "It is a well-settled principle that propositions of law once established by decision will be followed by courts in the determination of similar questions. That principle of law known as the doctrine of stare decisis requires this court to follow decisions and precedents established by the Appellate *969 Division (1 Carmody-Wait 2d, New York Practice, §§ 2:50, 2:58).”
"[Decisions by the Appellate Division must be followed by courts of original jurisdiction and by the Appellate Term”. (1 Carmody-Wait 2d N. Y. Practice § 2:58, p 70.)
Carmody-Wait 2d NY Practice (vol 1, § 2:63, p 75) reads in part: "Where a question has not yet been decided by the appellate courts in a certain department, inferior courts in that department must follow the determinations of the appellate courts in any other department until such time as their own appellate tribunals or the Court of Appeals passes upon the question.”
This doctrine was adhered to in United States Gypsum Co. v Riley-Stoker Corp. (11 Misc 2d 572, affd 7 AD2d 894, revd on other grounds 6 NY2d 188): "The doctrine of stare decisis does not compel a judge at Special Term to follow a decision of a Special Term in another judicial district; nevertheless, he shall follow a decision made by the Appellate Division of another department, unless his own Appellate Division or the Court of Appeals holds otherwise” (citation omitted).
To the same effect see Douglas v Latona (61 Misc 2d 859); Andolino v Polvino (21 Misc 2d 930).
I most respectfully state that I am not in accord with the determination in People v Morton (48 AD2d 58, supra). Since the principle of law has not been determined by the Appellate Division, Second Department, or the Court of Appeals, I am constrained to follow the holding in People v Morton (supra). Accordingly I find that section 70.06 of the Penal Law, insofar as it provides that a second felony sentence must be imposed when the defendant was previously convicted "in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized irrespective of whether such sentence was imposed”, is unconstitutional.
The motion is granted to the extent that the defendant’s sentence on June 21, 1974 as a second felony offender is vacated. Defendant shall be returned to this court for resentencing as a first felony offender.