■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE WRIGHT, Appellant.—Judgment, Supreme Court, New York County, rendered September 4, 1974, affirmed. The facts are fairly stated in the dissent. We part company on the issue of constitutionality of section 70.06 (subd 1, par [b], cl [i]) of the Penal Law insofar as that section (as it read at the time of judgment) permitted use, as a predicate conviction for second offender sentencing purposes, of earlier conviction of "felony, or in any other jurisdiction of an offense for which * * * imprisonment in excess of one year * * * was authorized". Our dissenting brother reasons that the statute is unconstitutional because of failure to afford equal protection of the laws, citing *People v Mazzie* (78 Misc 2d 1014) and *People v Morton* (48 AD2d 58). Both *Mazzie* and *Morton* are inapposite in the context found here. To have permitted conspiracy *(Mazzie)* or mere "possession of marijuana"—the words used—*(Morton)* to constitute a predicate crime for second offender status would, arguably, have been to permit unequal treatment of New York prior offenders and prior offenders in another State. Both the predicate crimes, to the extent described in the cited opinions, could easily have been defined as misdemeanors in New York even though felonies where actually committed. See sections 105.00 and 105.05 of the Penal Law (conspiracy) and section 220.03 (possession of a controlled substance). The unconstitutionality, if any, so brought about would have been in *application* of the statute only. We hold that *in its application* in the instant case there was no denial of equal protection. The predicate conviction here was for robbery in another State, undeniably a felony here. Indeed, the dissent would create the bizarre situation of unequal treatment as between those who commit predicate crimes elsewhere and those who do so in New York by imposition of greater punishment upon those whose predicate crimes were committed in New York. Nor is it conceded that there would have been undue discrimination in either the *Mazzie* or *Morton* situation had the prior convictions been used for second offender purposes. Upon examining the challenged distinction to determine "whether [it] rationally furthers some legitimate, articulated state purpose" *(McGinnis v Royster,* 410 US 263, 270), we state that it does. That purpose is the combating of recidivism by increased punishment for those who actually create that distinction for themselves by persistent criminal deviation from socially acceptable norms of conduct, whether here or elsewhere, this without regard to the jurisdiction which is or has been the locale of that conduct. Thus, there is compliance with the *McGinnis* requirement *(supra,* p 270) that any such distinction have a "rational basis." Concur—Stevens, P. J., Markewich, Kupferman and Lupiano, JJ.; Murphy, J., dissents in the following memorandum: Murphy, J. (dissenting). Defendant was convicted, on his plea of guilty, of possession of a weapon as a felony and sentenced, as a second felony offender, to a term of imprisonment of not less than two nor more than four years. The predicate felony, for both the elevation of the crime (Penal Law, § 265.05, subd [3]) and the severity of sentence (Penal Law, § 70.06), was defendant's robbery conviction in New

Jersey in 1969. For reasons already sufficiently articulated to dispense with need for unnecessary repetition (see *People v Mazzie,* 78 Misc 2d 1014; *People v Morton,* 48 AD2d 58), I would reverse the judgment on appeal insofar as it convicts defendant of a felony and sentences him as a second felony offender. The fact that defendant's New Jersey conviction, unlike *Mazzie,* involves conduct which probably would also have been a felony in New York is irrelevant. Section 70.06 of the Penal Law, as it read at the time of the instant conviction, permitted recidivist treatment irrespective of the classification of the out-of-State acts in New York; and depended solely on the term of imprisonment authorized by a foreign jurisdiction. A statute so written violates sections 1 and 16 of article III of our State Constitution and the Equal Protection Clauses of our Federal and State Constitutions. (Cf. *People v Parker,* 49 AD2d 657; *People v Downes,* 49 AD2d 1038.) In such connection, it is worthy of note that our Legislature recently amended section 70.06 of the Penal Law so as to now require, before second felony treatment may be imposed, misconduct in a foreign jurisdiction sufficient to authorize a sentence exceeding one year or death "in this state." (L 1975, ch 784, § 1.) Accordingly, defendant's conviction should be reduced to a misdemeanor and the case remanded for resentencing.