■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER SCOTT, Appellant. ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor.—Judgment, Supreme Court, Bronx County, rendered on May 16, 1974, affirmed. *(People v Wright,* 50 AD2d 729.) Concur—Markewich, J. P., Kupferman, Nunez and Yesawich, JJ.; Murphy, J., dissents in the following memorandum: For the reasons stated in my dissent in *People v Wright* (50 AD2d 729), decided simultaneously herewith, I would reverse the judgment of conviction, insofar as it sentences defendant as a second felony offender, and remand for the resentencing of defendant as a first felony offender.

■ METRO-GOLDWYN-MAYER, INC., Appellant, v GABRIEL KATZKA et al., Respondents.—Order, Supreme Court, New York County, entered on February 9, 1972, affirmed for the reasons stated by Birns, J., at Special Term. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Concur—Lupiano, Tilzer, Capozzoli and Nunez, JJ.; Stevens, P. J., dissents in the following memorandum: I dissent and would reverse and grant plaintiff's motion for summary judgment, with costs. The guarantee sued upon is an instrument for the payment of money only within the meaning of CPLR 3213. The guarantee by its terms is absolute and unconditional and is a guarantee of payment. Defendants contend that plaintiff acted in bad faith and prevented performance of certain agreements by the principal obligor, and that certain conditions precedent have not occurred, nor has there been compliance by plaintiff with such conditions. While defendants advance these arguments, no evidentiary facts have been adduced by them in support thereof. Moreover, even assuming merit to the argument of defendants, such defenses would be available to the principal obligor and not to persons who have executed an unconditional guarantee of payment (see *Elliott v Brady,* 192 NY 221; *Stagg Tool & Die Corp. v Weisman,* 12 AD2d 99, affd 10 NY2d 741). Defendants should not be permitted to engraft upon the agreement a condition where none exists. In effect they seek to transform a direct and unconditional promise into a conditional agreement. This should not be permitted.