**UNITED STATES of America ex rel. Joseph A. MERCOGLIANO, Petitioner,**

v.

**COUNTY COURT OF NASSAU COUNTY, Respondent.**

**No. 76 C 355.**

United States District Court,
E. D. New York.

June 8, 1976.

Memorandum and Order June 16, 1976.

Legal Aid Society, by Norman S. Hatt, Mineola, N.Y., for petitioner.

Denis Dillon, Dist. Atty., by Martin I. Saperstein, Asst. Dist. Atty., Mineola, N.Y., for respondent.

## OPINION AND ORDER

PLATT, District Judge.

### PRELIMINARY STATEMENT

New York's second felony offender statute (Penal Law § 70.06) provides that indeterminate sentences of specified maximum and minimum lengths must be imposed on offenders convicted of a felony for the second time. Until the statute was amended in 1975, the earlier "felony conviction" was defined to be a conviction in New York of a felony,[1] or a conviction in another jurisdiction of an offense for which a sentence of imprisonment of more than one

1. See Penal Law § 10.00(5), which defines "felony" as an offense for which imprisonment in excess of one year can be imposed.

2. The 1975 amendment of § 70.06 added to this latter provision the requirement that a one-year

year (or a sentence of death) was authorized,[2] provided that such earlier conviction, whether in New York or elsewhere, took place within the ten years prior to the second offense.

Petitioner in this action was convicted on January 21, 1975, of Criminal Possession of a Controlled Substance in the Sixth Degree, a felony, upon a plea of guilty to the charge in the County Court of Nassau County. He was sentenced as a second felony offender to an indeterminate term of 1½ to 3 years, the shortest term possible under Penal Law § 70.06(3)(d) and (4). The predicate felony conviction was a 1972 Texas conviction for possession of marijuana, for which petitioner could have been sentenced under Texas law to a term of more than one year.[3] Had petitioner been convicted in New York for possession of the same amount of marijuana, he would not be a second felony offender, for New York then did not, and does not now, provide that such possession constitutes a felony.

Petitioner's argument in his petition for a writ of habeas corpus is that New York has denied him the equal protection of the laws by requiring that he be sentenced as a second felony offender. Another defendant, identical in every way with him except convicted in New York instead of in Texas of the earlier possession offense, would, petitioner suggests, be eligible for more lenient treatment. To consider possession a felony in his case simply because it did not occur in New York is, he claims, arbitrary and irrational.

■ Thus the question for this Court is: was it a denial of equal protection for the State of New York to provide that felony offenders who had earlier been convicted in another jurisdiction for an offense for which more than one year's imprisonment could have been imposed by that jurisdiction should be treated more severely than

sentence also be possible in New York for that offense.

3. Texas has since amended its law, and possession of the relevant amount of marijuana could no longer lead to that long a prison term.

felony offenders with a past conviction was for the same offense, but in New York, the offense being such that New York courts could *not* impose a one-year sentence.[4]

## DISCUSSION

### I

Both parties appear to agree that this Court can declare that the second-felony provisions in effect in New York at the time of petitioner's plea of guilty deny equal protection only if they are arbitrary and unreasonable, and are not relevant to the object of the legislation. See *Marshall v. United States*, 414 U.S. 417, 422, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920). Both sides also appear to agree that the legislative purpose of § 70.06 is to punish hardened criminals more severely than persons who have not committed felonies in the past. Neither side argues with the rationale for the statute; petitioner simply maintains that the test for determining which are the criminals more deserving of punishment is, in relevant part, irrational.

The respondent, the County Court for the County of Nassau, argues that the test is rational. Respondent suggests that the test provides a simple and uniform criterion for determining which are the serious offenders, i. e., serious offenders are those who are twice convicted of offenses for which a serious penalty can be imposed by whatever jurisdiction has seen its laws broken. The statute was based on the recommendations of the Model Penal Code, the American Bar Association's Minimum Standards for Sentencing, and the New York State Commission on the Revision of the Penal Law.

Respondent further argues that the Supreme Court has declared that the most objective criterion to determine the seriousness of an offense is the length of sentence, see *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (plurality opinion); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and that it follows that the use of length of sentence in the test must be considered rational.

Of course, it is also crucial that the respondent demonstrate that it is rational for the test to provide that the length of sentence where the offense takes place, rather than the length of sentence that would be applied in New York, should control. To illustrate with the facts before us, respondent's argument must be that it is rational to conclude that because Texas imposes harsher punishment on those who possess marijuana, those who possess marijuana in Texas are more serious offenders than those who possess marijuana in New York.

■ We agree with respondent that this is a rational position for a legislature to take. We cannot say that it is irrational to consider that a Texas offender is a more serious offender, for the simple reason that he was told that Texas considers that his crime is serious, but he nevertheless committed that crime against the State of Texas. The Texas offender has in effect demonstrated that he is not concerned about behaving in accordance with the norms important to the society in which he is present, and that factor sets him apart from the possessor of marijuana in New York who has demonstrated no comparable lack of concern. This distinction is sufficient under the Equal Protection Clause of the Fourteenth Amendment to justify disparate treatment in sentencing.

We note that this is hardly the only context in which deference may be paid to the

---

**4.** We note preliminarily that a three-judge court is not required for the resolution of this question.

It seems well established that the three-judge court provision of 28 U.S.C. § 2281 does not apply to habeas corpus proceedings, at least if no attempt is made to initiate the proceedings on behalf of a class. See *e. g. Wilson v. Gooding*, 431 F.2d 855 (5th Cir. 1970), *aff'd*, 405 U.S.

518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); *Scott v. District Attorney, Jefferson Parish, State of Louisiana*, 309 F.Supp. 833 (E.D.La.1970), *aff'd*, 437 F.2d 500 (5th Cir. 1971); *United States ex rel. Laino v. Warden of Wallkill Prison*, 246 F.Supp. 72, 92 n. 16 (S.D.N.Y.1965), *aff'd*, 355 F.2d 208 (2d Cir. 1966). We therefore need not consider other aspects of the three-judge court question.

standards of the community in which questionable activity takes place. In obscenity cases, for example, community standards determine what is, and what is not, protected under the First Amendment, see *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Under the federal criminal statute which forbids use of the mails for shipment of obscene materials (18 U.S.C. § 1461), behavior can be judged under community standards, see *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), rather than under a uniform national standard. Just a few months ago the Court of Appeals for the Third Circuit upheld the use of state law to determine whether aliens have committed "adultery" for the purposes of 8 U.S.C. § 1101(f), *Brea-Garcia v. Immigration and Naturalization Service*, 531 F.2d 693, 44 USLW 2414 (3d Cir. 1976). Under the two federal statutes named, and also under 18 U.S.C. § 4251(f) (see discussion below), certain actions in one state may give rise to the imposition of penalties by another sovereign, the United States, even though such penalties would not be imposed for identical actions in another state. In these areas, and in the case at bar, it is rational to measure conduct with a yardstick supplied by the society in which the conduct occurs.

## II

Petitioner strives to overcome the presumption of legislative rationality, first with what amounts to an argument that other jurisdictions may be arbitrary or unreasonable in determining what penalties they impose for offenses, and second by suggesting that other courts have held that § 70.06 and similar provisions are unreasonable.

Petitioner's first point is that those who have joined an interracial political party in the Republic of South Africa, those who have committed fornication in Alabama, and those who have stolen a turkey in Arkansas are susceptible to the harsher penalties of § 70.06, because those jurisdictions provide that the listed offenses are punishable by more than one year in prison. He

tells us that increased punishment for such past offenders, or for those who have possessed two marijuana cigarettes in Texas, cannot promote the ends of § 70.06, which ends are that more serious offenders be more severely punished.

We note first that we pass the question, since it is not before us, of whether New York could more seriously punish past offenders against the type of statute in force in South Africa. Such statutes are obviously repugnant to the United States Constitution, and stand in a much different position from statutes which we might simply consider unwise. Indeed, New York provides for challenges to the consideration of past convictions under such statutes. N.Y.C.P.L. § 400.21(7)(b).

Second, we do not agree, as we have indicated above, that it is irrational for a legislature to punish more severely those who indicate that they are willing to ignore the norms of the society in which they find themselves. No matter how ridiculous a rational legislator might think it is for a legislature in another jurisdiction to deem certain offenses serious, he might nevertheless believe it important that the law be obeyed by those within that legislature's jurisdiction, and consider it serious when the law is not obeyed. Surely the fact that plaintiff might have thought that the drug laws of Texas were ridiculously severe gave him no right to second-guess the Texas legislature as to the importance of their object, no license to act as if the law did not apply to him. Just as surely, the New York legislature must be free to consider his transgression against his social duty to be evidence that he is more deserving of punishment than one who has not so violated laws of importance to the people of the jurisdictions in which he has resided.

Several of the authorities advanced by petitioner in support of his argument merit individual attention.

*United States v. Bishop,* 469 F.2d 1337 (1st Cir. 1972), dealt with 18 U.S.C. § 4251(f)(4), a provision of the federal Narcotic Addict Rehabilitation Act, P.L. 89–793, 80 Stat. 1438 (1966), which excludes

from treatment under the Act all offenders with two prior felony convictions. A "felony" conviction under this Act is any conviction for an offense classified as a felony by the United States in 18 U.S.C. § 1, as well as any conviction for an offense labelled a felony by the jurisdiction in which it was committed.

The First Circuit Court of Appeals ruled that this two-felony disqualification was unconstitutional. And it is true that part of the Court's reasoning was that it is improper to treat differently those who commit the same crime, but in different states, as the Act provides in situations where the different states attach different labels to the crime, 469 F.2d at p. 1345. However, this factor was only one of many "anomalies" listed by the Court as justification for invalidating § 4251(f)(4) of the statute; most of the *Bishop* opinion discusses inconsistencies between that section and the Act's other provisions.

Further, whatever persuasiveness the *Bishop* opinion might once have had has been undercut, to say the least, by *Marshall v. United States*, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974). That opinion upheld the two-felony disqualification, and effectively overruled *Bishop*, in the face of an equal protection challenge.

Indeed, the *Marshall* opinion could very well be deemed a general statement by the Supreme Court that legislative classifications may be considered rational even though they treat differently two defendants who commit the same offense in different states—as does the New York statute under consideration here—and that such classifications therefore can withstand equal protection attacks.

Petitioner responds with the argument that the provision approved in *Marshall* was the provision utilizing the State felony label to decide which were serious offenses; that is a provision different from New York's § 70.06, he claims, since § 70.06 instead utilizes the length of sentence to determine how serious an offense is. But, as indicated, we have been told by the Supreme Court that length of sentence is the most reasonable indicator of seriousness. *Marshall* held that it is reasonable to determine which criminals receive traditional prison sentences, rather than narcotics addiction treatment, by seeing which criminals have two "felony" convictions; it seems more reasonable to determine which receive mandatory minimum sentences, rather than sentences without such minimums, by seeing which criminals have prior convictions for which they could have received one year in prison. At any rate, attempts by petitioner to distinguish *Marshall* from this case serve as well to distinguish his *Bishop* precedent.

Petitioner also cites *People v. Morton,* 48 A.D.2d 58, 367 N.Y.S.2d 595 (3d Dept.1975), and *People v. Mazzie,* 78 Misc.2d 1014, 358 N.Y.S.2d 307 (Sup.Ct.N.Y.Co.1974). Those cases do hold that Penal Law § 70.06 is unconstitutional if applied so that prior crimes from other jurisdictions are considered for which crimes New York State would impose less than one year in prison. We have read these opinions, but find them less persuasive than *People v. Wixson,* 79 Misc.2d 557, 360 N.Y.S.2d 818 (Sup.Ct.Westchester Co.1974), which holds, as did the Second Department in this case, that § 70.06 does not deny equal protection to those in petitioner's position. See also *People v. Blount,* 82 Misc.2d 964, 370 N.Y.S.2d 437 (Co.Ct.Nassau Co.1975); *People v. Sibila,* 81 Misc.2d 1028, 367 N.Y.S.2d 193 (Co.Ct.Nassau Co.1975).

We repeat, by way of final word, that New York has seen fit, perhaps because of hostile decisions like *People v. Mazzie,* to amend § 70.06 of its Penal Law so as to eliminate for the future the problems which were presented in this case. We of course take no position on the wisdom of this course. We merely state that the Equal Protection Clause of the Fourteenth Amendment did not mandate it.

### III

It follows from the foregoing that the petition of Mr. Mercogliano must be and hereby is dismissed. We hold that § 70.06, as it read and as it was applied at petitioner's sentencing, did not impose upon him

any unreasonable classifications and therefore did not violate his rights under the Equal Protection Clause of the Fourteenth Amendment. This conclusion makes it unnecessary for us to consider respondent's other arguments.

SO ORDERED.

## MEMORANDUM AND ORDER

On June 7, 1976, this Court denied petitioner's application for a writ of habeas corpus. By letter dated June 9, 1976, petitioner's counsel applied pursuant to Rule 22 of the Federal Rules of Appellate Procedure for a certificate of probable cause, on the ground that the issue decided by this Court, namely, the constitutionality of New York's second felony sentencing provisions, is one of substantial importance.

This Court finds that petitioner's arguments, although rejected in this Court's opinion, are nevertheless substantial and worthy of further consideration, see *United States ex rel. Winfield v. Cascles,* 403 F.Supp. 956 (E.D.N.Y.1975) (Supplemental Memorandum Order). Accordingly, we grant petitioner's application for a certificate of probable cause.

SO ORDERED.