Gabrielli, J.
On this appeal, the issue presented is the constitutionality of subdivision 1 of section 70.06 of the Penal Law,[1] insofar as it deals with increased punishment for those *23 defendants who have previously been convicted of crimes in other jurisdictions. Defendant has pleaded guilty to the crime of manslaughter, first degree (Penal Law, § 125.20), in satisfaction of an indictment charging two counts of murder, committed in Ulster County, New York. On the date set for sentencing, and pursuant to the provisions of CPL 400.21 (subds 2, 3) the prosecutor served and filed a prior felony offender statement charging the defendant with having been convicted of the crime of larceny by breaking and entering (NC Criminal Law, § 14-54, subd [a]) in the State of North Carolina in 1971. For that conviction, a sentence of three to five years was imposed, the execution of which was suspended. The defendant does not dispute this prior conviction and, indeed, concedes its existence. Upon the manslaughter conviction, defendant was sentenced as a second felony offender pursuant to the provisions of section 70.06 of the Penal Law to a term of 6 to 12 years’ imprisonment, without objection by defendant. On appeal, the defendant contended that the use óf the North Carolina conviction as a predicate for multiple felony offender punishment was improper, claiming that subdivision 1 of section 70.06 of the Penal Law violated both the Federal and State Constitutions.[2] The Appellate Division agreed with this contention, vacated the sentence and remitted the case for resentencing of the defendant as a first felony offender. This was error.
Defendant claims, inter alia, that the challenged statute violates the equal protection guarantee of the Fourteenth Amendment of the United States Constitution and section 11 of article I of the New York State Constitution. This claim is founded upon the argument that an individual may be sentenced to a term of imprisonment in excess of one year in a foreign jurisdiction for a crime which might not constitute a felony in New York. It is thus claimed that an individual who *24 has committed a crime which warranted a sentence in excess of one year in another jurisdiction but which did not constitute a felony in New York is treated discriminatorily and more harshly than a person who has committed the same acts in New York but who does not receive multiple offender treatment under section 70.06 (citing People v Morton, 48 AD2d 58; People v Downs, 49 AD2d 964; People v Mazzie, 78 Misc 2d 1014, 1018-1019). While these cases have sustained a constitutional challenge, other courts have held that the statute is constitutional and that the Legislature may rationally provide for increased punishment for individuals who have violated the criminal standards of other jurisdictions, irrespective of whether the crimes in those other jurisdictions are felonies in New York (see People v Wright, 50 AD2d 729; People v Mercogliano, 50 AD2d 907; People v Darson, 48 AD2d 931; People v Wixson, 79 Misc 2d 557, 565-566; United States ex rel. Mercogliano v County Ct. of Nassau County, 414 F Supp 508, affd on opn below 556 F2d 557).
We need not reach this question posed by the defendant since we hold that former subdivision 1 of section 70.06 of the Penal Law is constitutional as applied to the defendant in this case, and therefore, she does not have standing to challenge the constitutionality of the statute as applied to one not in her position. One who challenges the constitutionality of a statute is required to establish that the enactment as applied to him violates a constitutional norm[3] (Oriental Blvd. Co. v Heller, 27 NY2d 212, 220; People v Merolla, 9 NY2d 62, 68-69; People v Faxlanger, 1 NY2d 393, 395; People v Terra, 303 NY 332, 334; United States v Raines, 362 US 17, 21; 8 NY Jur, Constitutional Law, § 50, p 577). In the instant case, the defendant may not claim that she is being treated more harshly than a defendant convicted of prior crimes in New York because the predicate North Carolina crime constitutes a felony both in North Carolina and in New York (People v Wright, 50 AD2d 729, supra). Defendant was convicted of larceny by breaking and entering, a felony under North Carolina law;[4] and such an *25 act would constitute a degree of burglary in New York, all forms of which are felonies here (Penal Law, §§ 140.20-140.30). Thus, the standard applied to determine whether this defendant’s prior conviction may be the basis for second felony offender status is precisely the same as that applied to a defendant convicted of similar prior crimes in New York. She may not therefore claim a denial of equal protection.
Nevertheless, because there may be incarcerated defendants who are affected by former subdivision 1 of section 70.06 and because the Appellate Divisions are in conflict over the constitutionality of the statute (see People v Morton, supra; People v Wright, supra; People v Darson, supra), we have decided that the question raised is of sufficient public importance that we should reach the merits of defendant’s claim despite her individual lack of standing. Additionally, crimes committed in other jurisdictions and, indeed, in some localities in this State, with differing social mores and standards of conduct take on added significance in our highly mobile society. We hold that the imposition of second felony offender status upon individuals convicted in other jurisdictions of crimes which in such other jurisdictions warrant sentence of imprisonment in excess of one year is rationally related to the valid governmental aim of treating habitual offenders more severely than first time offenders.[5] The equal protection clause does not mandate absolute equality of treatment but merely prescribes that, absent a fundamental interest or suspect classification, a legislative classification be rationally related to a legitimate State purpose (People v Drayton, 39 NY2d 580, 584-585; Alevy v Downstate Med. Center, 39 NY2d 326, 332-334; Montgomery v Daniels, 38 NY2d 41, 61; Marshall v United States, 414 US 417, 422; McGinnis v Royster, 410 US 263, 270). While persons guilty of acts which are felonies in other jurisdictions but not in New York, are treated as second felony offenders, the statutory classification does not result in treatment so disparate as to be arbitrary or invidiously discriminatory (Walters v City of St. Louis, 347 US 231, 237). In New York a felony is defined as a crime for which a sentence of imprisonment in *26 excess of one year may be imposed (Penal Law, § 10.10, subd 5). Thus, in this State, all persons who have been convicted, either in New York or another jurisdiction, of a crime for which a sentence in excess of one year may be imposed, are subject to second felony offender treatment and are treated equally.
The Legislature, in enacting the challenged provision, exercised its considered judgment to provide that the seriousness of a crime should be determined by the severity of the sentence and the norms prevailing in the jurisdiction in which a crime was committed. There is no warrant for any alarm in what may be termed as exaggerated fears of frivolous or perverse sister-State punishment. The possible disparity of treatment between prior New York offenders vis-á-vis prior out-of-State offenders does not vitiate the legislative decision that an individual who has previously elected to violate the criminal standards of the society in which he was found should be treated as an habitual offender. This rationale underlies provisions in the Model Penal Code (§ 7.05, subd [1]) and the American Bar Association Standards Relating to Sentencing Alternatives and Procedures (§ 3.3, subd [b], par [i]) from which the New York statute is derived. And, as noted, the well-founded purpose of providing for increased punishment of those who actually create the problem for themselves by persistent violations of penal statutes is to combat recividism by increased punishment, not for the previous out-of-State offense but, rather for the commission of the subsequent offense.
The United States Supreme Court has previously sustained, against an equal protection challenge, a West Virginia statute which, like its New York counterpart, posited habitual offender treatment upon the severity of the sentence imposed; under the West Virginia law, any person who had been convicted of a crime punishable by "confinement in a penitentiary” was subject to habitual offender treatment (Oyler v Boles, 368 US 448, 449; Graham v West Virginia, 224 US 616). In the latter case the court stated that "the fact of such sentence [confinement to a penitentiary], indicating the gravity of the offense, affords a reasonable basis for classification” (supra, p 630). More recently, the court, while not reaching the precise issue raised here, sustained a broad equal protection challenge to the Federal Narcotic Addict Rehabilitation Act (US Code, tit 18, §§ 4251-4255) which denies rehabilitative *27 commitment and imposes penal incarceration upon persons convicted of two prior felonies (Marshall v United States, 414 US 417, supra); the act defines a felony as any offense in violation of a law of any State which at the time of the offense was classified as a felony by the law of the place where the offense was committed (US Code, tit 18, § 4251, subd [d]).
Thus, we conclude that the former New York statute, reflecting the determination that a crime punishable by a sentence in excess of one year should be considered a crime of sufficient severity to warrant second felony offender treatment, does not result in a denial of equal protection under either the Federal or State Constitutions (US Const, 14th Amdt, § 1; NY Const, art I, § ll).[6]
It should be noted that subdivision 1 of section 70.06 of the Penal Law was amended (L 1975, ch 784, § 1, eff Aug. 9, 1975) to provide that the foreign predicate conviction must be for a crime for which a sentence of imprisonment in excess of one year could be imposed in New York. Since, in this State, a felony is defined as an offense for which a sentence in excess of one year may be imposed (Penal Law, § 10.00, subd 5), the law thus provides that the predicate conviction, if obtained in a foreign jurisdiction, must be for acts which would constitute a felony under New York law. This amended definition of a second felony offender has been characterized as a "fairer and more logical approach” (see Hechtman, 1975 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.06), but it does not follow from this that the amendment was constitutionally mandated (United States ex rel. Mercogliano v County Ct. of Nassau County, 414 F Supp 508, 512, supra).
We s may briefly dispose of defendant’s State constitutional claims that (1) former section 70.06 delegates the lawmaking futiction of the Legislature in violation of section 1 of article III of the New York State Constitution and (2) that it results in an incorporation by reference of other laws in violation of section 16 of article III of the State Constitution. The statutory definition in the former version of the statute does not result in a delegation of legislative power but merely applies the New York definition of a felony (crimes for which a term of imprisonment in excess of one year may be imposed) to *28 crimes committed in other jurisdictions. The constitutional provision was not intended to prohibit the Legislature from considering the criminal records of defendants in other jurisdictions in determining whether more serious punishment should be imposed upon habitual offenders. Section 1 of article III which was designed to insure a representative form of government in this State (see Stanton v Board of Supervisors of County of Essex, 191 NY 428, 431-432) has no relevance or application to the instant case. Likewise, defendant’s additional State constitutional claim is without merit. Section 16 of article III of the New York State Constitution provides that, "[n]o act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act.” It is manifest that the challenged statute does not attempt to incorporate any other statute into New York law. Section 70.06 simply authorizes the court to utilize a foreign conviction as a predicate felony for purposes of determining whether a defendant should receive increased punishment and sets forth the circumstances in which a crime committed in another jurisdiction may be considered a predicate felony in New York. The foreign conviction involves the application of foreign law but does not in any way make that law applicable in New York. Carried to its extreme, defendant’s argument entails the erroneous conclusion that the Legislature could not provide that any foreign conviction, whether a felony in another jurisdiction or in New York, may be a predicate felony for multiple offender treatment. It is clear that former section 70.06 violates neither the letter nor the spirit of the constitutional provision.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for further proceedings.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.

. Subdivision 1 of section 70.06 of the Penal Law has been amended since the sentencing of the defendant in this case (L 1975, ch 784, § 1, eff Aug. 9, 1975; see discussion, p 27, infra).

. Former subdivision 1 of section 70.06 of the Penal Law provided in pertinent part that:
"(a) A second felony offender is a person who stands convicted of a felony defined in this chapter * * * after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision.
"(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:
"(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized irrespective of whether such sentence was imposed.”

. This case, of course, does not fall within recognized exceptions to the general rule, as in the area of free speech (see, e.g., United States v Raines, 362 US 17, 22; Smith v California, 361 US 147, 150-151) and in certain unique situations where there is close nexus between the plaintiff and the party whose constitutional rights are alleged to have been violated (see, e.g., Griswold v Connecticut, 381 US 479; Barrows v Jackson, 346 US 249; Pierce v Society of Sisters, 268 US 510).

. Subdivision (a) of section 14-54 of the North Carolina Criminal Law provides, in pertinent part, that, "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony”.

. Habitual offender statutes have been sustained against a variety of constitutional challenges based on, inter alia, equal protection, due process, double jeopardy and cruel and unusual punishment and, indeed, defendant does not dispute the general proposition that States may impose harsher punishment on recidivists (see, e.g., Spencer v Texas, 385 US 554, 559-560; McDonald v Massachusetts, 180 US 311; Moore v Missouri, 159 US 673).

. Parenthetically, it is significant that a defendant may challenge a conviction obtained in violation of his constitutional rights and a conviction so obtained may not serve as a predicate felony (CPL 400.21, subd 7, par [b]).