THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS LEE GILL, Appellant.

Third Department, July 11, 1985

**APPEARANCES OF COUNSEL**

*Gary F. Stiglmeier* for appellant.

*Sol Greenberg, District Attorney (Renee Z. Farnham* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Defendant was indicted for criminal possession of a weapon in the third degree and petit larceny. The count of criminal possession was charged as a class D felony, in violation of Penal Law § 265.02 (1), by reason of defendant's previous conviction of a crime. The special information required by CPL 200.60 (1) and (2), which alleges the prior conviction, was not filed when defendant entered a plea on March 18, 1983 to the criminal possession charge in full satisfaction of the indictment. Before imposing sentence and after a review of defendant's criminal record, County Court scheduled a persistent felony hearing (CPL 400.20) and the special information was first filed thereat on May 27, 1983. At this hearing, defendant's two prior California judgments of conviction were received in evidence. The first conviction was in 1976 upon defendant's plea to burglary in the second degree in violation of California Penal Code § 459, for which defendant was sentenced to 1 to 15 years in prison. The second conviction was in 1980 upon defendant's plea to burglary and grand theft in violation of California Penal Code § 487, for which defendant was sentenced to 3⅔ years in prison. After the hearing, and based principally on these two prior convictions, County Court adjudged defendant a persistent felony offender (Penal Law § 70.10) and imposed an indeterminate prison term of 15 years to life.

■ Initially on this appeal, defendant claims that the failure of the prosecution to file the special information prior to his plea resulted in his conviction of a misdemeanor only. As did County Court, we also consider this failure merely a procedural defect or irregularity which was waived by defendant's voluntary plea (*People v Giuliano,* 52 AD2d 240). The designation of the charge of criminal possession in the indictment as a felony fully informed defendant of the grade of crime to which he was pleading (*People v Giuliano, supra*). Accordingly, defendant's attack on his conviction of criminal possession of a weapon in the third degree as a felony is meritless.

■ More critical is defendant's contention that his prior California convictions may not be considered previous felony convictions forming the predicate for his persistent felony offender status within the meaning of Penal Law § 70.10 (1). If the relevant statute (Penal Law § 70.10 [1] [b] [i], [ii]), as it pertains to prior convictions in other jurisdictions, is read literally,

defendant's argument would appear untenable. We do not believe that a literal interpretation of the statute can be permitted without posing the same constitutional problems we encountered in considering Penal Law former § 70.06, dealing with second felony offenders (*see, People v Morton,* 48 AD2d 58). After our determination of unconstitutionality in regard to Penal Law former § 70.06 in *Morton,* that statute was legislatively amended (L 1975, ch 784) to accord with the view expressed in that case.

The applicable statute here (Penal Law § 70.10) has not been amended, however, and in our opinion, if literally applied, suffers from the same constitutional infirmities we found in *Morton* relative to Penal Law former § 70.06. These problems can only be avoided by defendant's knowing and effective waiver thereof, by admitting that his out-of-State offenses were equivalent to felonies in New York (*People v Haynes,* 102 AD2d 604), which this record indicates he did not do (*see, People v Snyder,* 105 AD2d 553, 554), or if the constitutional questions are rendered academic by the facts and circumstances. To avoid the consequences of unconstitutionality, all of the statutory elements of the out-of-State convictions must, if admitted by a plea, constitute a felony in New York (*People v Olah,* 300 NY 96; *People v Morton, supra*).

In order to determine whether a foreign crime is equivalent to a New York felony, the court must examine the elements of the foreign statute and compare them to an analogous New York Penal Law felony (*People v Augle,* 87 AD2d 348). The foreign crime cannot be extended or enlarged by allegations in the indictment or by referring to evidence at trial (*People v Gonzalez,* 61 NY2d 586, 589). Going beyond the out-of-State statute and scrutinizing the accusatory instrument underlying the foreign conviction is permitted as an exception to the *Olah* rule only when the foreign statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors (*People v Gonzalez, supra,* at p 590). The allegations of the accusatory instrument may be referred to when necessary to clarify the statutory charge or to either limit or narrow the basis for the conviction, but they may not be used to enlarge or expand the crime charged (*supra,* at p 591).

California Penal Code § 459, to which this defendant pleaded guilty in 1976, defines the crime of burglary somewhat more expansively than does the New York Penal Law. In California, a building under the statute includes a vehicle and an aircraft. In

New York, under Penal Law § 140.00 (2), these devices are not so included within the definition of a building. Inasmuch as a plea to a felony under the California statute would not in all cases be a plea to a felony in New York, since the statutes do not match (*People v Augle, supra*), our court cannot constitutionally permit such California conviction to be so considered here, at least in the absence of any showing of the type or kind of building defendant burglarized in California, which does not appear in the record. Similarly, in regard ·to grand theft in California, of which defendant was convicted in 1980, California Penal Code § 487 (1), at the time of defendant's plea, provided that the value of the property stolen must exceed $200. Under New York Penal Law § 155.30, grand larceny, as a class E felony, occurs when the value of the stolen property exceeds $250. Because a court cannot go behind the statute to which defendant pleaded (*People v Olah, supra*), this California conviction cannot be considered a predicate felony here. Thus, defendant was improperly adjudicated a persistent felony offender.

█ While we agree that a consideration of defendant's prior California convictions would be an unconstitutional application of Penal Law § 70.10 to this defendant (*People v Mazzie,* 78 Misc 2d 1014), we do not consider that defendant's failure to succeed in this regard at the hearing in County Court resulted in a denial of the effective assistance of counsel. A review of the plea, the evidence presented at the persistent felony offender hearing, the conduct of counsel and the law compels our conclusion that defendant was adequately provided with meaningful representation (*People v Baldi,* 54 NY2d 137, 147).

The other errors urged by defendant for reversal have been examined, considered and found to be without merit.

Accordingly, defendant's judgment of conviction must be modified by vacating his adjudication as a persistent felony offender and otherwise affirmed.

MAIN, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Albany County for resentencing in accordance herewith; and, as so modified, affirmed.