Leon B. Polsky, J.
The defendant, convicted after trial of criminal possession of a controlled substance in the fifth degree and sentenced on March 18, 1974 as a second felony offender to three to six years’ imprisonment, moves before me to set aside that sentence.
Initially charged with sale of a controlled substance (methadone) in the second degree and related possessory counts, the defendant was tried in early 1974 and acquitted of the sale but convicted by jury verdict of the felonious possession based upon unlawful possession of "a substance of an aggregate weight of one-eighth ounce and more containing a narcotic drug, to wit, methadone.”
The defendant took a timely appeal from his conviction.
Subsequent to the entry of judgment, the statute under which the defendant was convicted and sentenced was held to be unconstitutional because of its use of the aggregate weight formulation in the gradation of offenses relating to the sale and possession of methadone (People v Carter, 80 Misc 2d 1081). If the Carter case was applied to this case, the possession charge would as a matter of law be the offense of criminal possession of a controlled substance in the seventh degree, a class A misdemeanor.
In June, 1975, defendant’s counsel, by motion referred to me* who sought to have the Carter decision applied to Jenner-son’s case and obtain resentence as if upon a misdemeanor conviction. At that time I denied the motion pursuant to CPL 440.10 (subd 2, par [b]), it being my view that the question of law could properly be presented on the pending appeal from the judgment of conviction. I did, however, suspend execution of the judgment and fixed bail pending appeal.
The appeal is still pending in the Appellate Division and briefs have not as yet been filed.
The defendant now renews his motion, relying not upon People v Carter, but upon the 1975 amendments to the Penal Law. Under these amendments, the acts for which the defendant was convicted, if occurring after the amendments, would be criminal possession of a controlled substance in the seventh degree (L 1975, cfa 785). If the acts had occurred prior to the amendment but the defendant had not yet been convicted, or sentenced, he still would have the benefit of the ameliorating *58 sentencing provisions (L 1975, ch 786). However, in the case of a defendant already sentenced, the 1975 legislation (L 1975, ch 783) provides only for the resentence of those persons convicted of class A felonies and for some inexplicable reason fails to provide for the resentencing of persons convicted of the class C felony based upon aggregate weight. It is clear that this failure was an inadvertent oversight because under the A felony possession offenses, based upon greater quantities of liquid methadone than involved in the C felony, offense, the defendant may be resentenced as a misdemeanant. Thus, for example, if the defendant had been convicted of the A-II felony of possession in the second degree based upon possession of more than one ounce of liquid methadone, I could under chapter 783 resentencé the defendant to an A misdemeanor sentence. If the statute is literally applied, then a defendant convicted of the C felony solely because he possessed less than one ounce would be ineligible for resentence.
Such a result is patently absurd, it being the clear intention of the Legislature to impose the new weight standards across the boards to all methadone cases.
In view of clear intention of the Legislature, it seems now inappropriate for me to require the defendant to pursue a constitutional challenge to the Appellate Division of a statute which has since been amended to adopt the substance of that constitutional challenge.
Accordingly, the court grants the motion for resentence made pursuant to chapter 783 of the Laws of 1975. The defendant will be deemed to be convicted of criminal possession of a controlled substance in the seventh degree and will be sentenced accordingly.

 The case had been tried before Mr. Justice Flynn who is no longer assigned to this department.