THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
HECTOR PACHECO, Appellant.

Second Department, March 24, 1980

## APPEARANCES OF COUNSEL

*William S. Hellerstein* (*Michael Ciaffa* of counsel), for appellant.

*Eugene Gold, District Attorney (William Gurin* of counsel), for respondent.

## OPINION OF THE COURT

O'CONNOR, J.

Defendant challenges the constitutionality of section 70.06 (subd 1, par [b], cl [i]) of the Penal Law on equal[1] protection grounds. We hold that the statute is rationally related to a legitimate legislative purpose. Accordingly, the sentence and order appealed must be affirmed.

### I

Defendant was arrested on October 7, 1971 in possession of 395 grains (less than one ounce) of marihuana, and on June 19, 1972 he pleaded guilty to the E felony of attempted criminal possession of a dangerous drug in the fourth degree. A sentence of five years probation was imposed. It is this conviction that establishes defendant's predicate felon status.

A $50 sale of cocaine to an undercover police officer occurred on October 28, 1974, and in early January, 1975 defendant was arrested and charged with the crime. Shortly after his arrest, defendant was indicted, *inter alia,* for the A-III felony of criminal sale of a controlled substance in the third degree. On May 19, 1977 he entered a guilty plea to the C felony of criminal sale of a controlled substance in the fifth degree and it was agreed a sentence with a four-year minimum and an eight-year maximum would be imposed. On July 29, 1977, prior to the date of sentencing, the Marihuana Reform Act of 1977 went into effect. Under the new statute defendant's prior crime of possession of 395 grains of marihuana was reclassified to the status of a B misdemeanor (Penal Law, § 221.10). Despite the enactment of the new law, defendant was sentenced as a predicate felon on September 20, 1977 to the agreed upon term.

---

1. "§ 70.06 Sentence of imprisonment for second felony offender.

"1. Definition of second felony offender. * * *

"(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:

"(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed".

Defendant, by notice of motion dated March 8, 1979, sought to set aside his sentence insofar as he was sentenced as a predicate felon. He asserted that by relegating him to a predicate felon status despite the fact that his prior crime no longer constituted a felony, section 70.06 of the Penal Law deprived him of the equal protection of the law. His argument focused on the disparate treatment afforded those who have committed a prior crime in New York and those with an out-of-State conviction. Because his prior conviction was in New York, he was classified as a predicate felon. He came squarely within the language of the statute, which provides "[t]he conviction must have been in this state of a felony" (Penal Law, § 70.06, subd 1, par [b], cl [i]). Had he committed his earlier crime out of State, however, he would not have been treated as a predicate felon because to come within the statute under such circumstances "The conviction must have been * * * in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized *and is authorized in this state*" (Penal Law, § 70.06, subd 1, par [b], cl [i]; emphasis added). Defendant asserts that there is no logical basis for the willingness to treat those guilty of prior out-of-State crimes by present New York standards of what constitutes a felony while treating those who have been convicted of a prior felony in New York by the stricter standards that applied at the time of the predicate conviction. When defendant's contention was rejected by an order dated May 21, 1979, this appeal followed. We now affirm both the sentence and order.

## II

At the outset it is critical to take note of the standard of review that lies at the heart of the analysis of this constitutional challenge to section 70.06 (subd 1, par [b], cl [i]) of the Penal Law. Defendant must establish beyond a reasonable doubt that the classifications contained therein fail to rationally further a legitimate legislative purpose (see *McGinnis v Royster,* 410 US 263, 270; *Kiffer v United States,* 477 F2d 349, cert den 414 US 831; *People v Lang,* 36 NY2d 366, 370). If possible, the statute will be construed in such a manner as to uphold its constitutionality *(People v Kaiser,* 21 NY2d 86, 103, affd 394 US 280). Furthermore, the equal protection clause does not mandate absolute equality of treatment, and a classification will be upheld if it is neither so disparate as to be

deemed arbitrary nor invidiously discriminatory *(People v Parker,* 41 NY2d 21, 25).

## III

After a six-year absence, the Legislature restored increased mandatory punishment for second felony offenders in 1973 (L 1973, ch 277, § 9).[2] There is unquestionably a valid governmental purpose in dealing with habitual offenders more harshly than first time offenders *(People v Parker, supra,* p 25), and a statute dealing with this realm of the State's concern will pass constitutional muster if the treatment of habitual offenders is rationally related to this acceptable objective. As originally drafted, the statute was subjected to the following equal protection attack: "This claim is founded upon the argument that an individual may be sentenced to a term of imprisonment in excess of one year in a foreign jurisdiction for a crime which might not constitute a felony in New York. It is thus claimed that an individual who has committed a crime which warranted a sentence in excess of one year in another jurisdiction but which did not constitute a felony in New York is treated discriminatorily and more harshly than a person who has committed the same acts in New York but who does not receive multiple offender treatment under section 70.06"[3] *(People v Parker, supra,* pp 23-24).

In an apparent effort to adopt "a fairer and more logical approach" (see Hechtman, 1975 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.06), the statute was amended to add the following critical language (L 1975, ch 784, § 1, eff Aug. 9, 1975): "(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death

---

**2.** "§ 70.06 Sentence of imprisonment for second felony offender.

"1. Definition of second felony offender. * * *

"(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:

"(i) The conviction must have been in ·this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year [or] a sentence of death was authorized irrespective of whether such sentence was imposed".

**3.** *People v Mazzie* (78 Misc 2d 1014, 1017-1018) provides an interesting discussion of the manner in which the law was perceived as treating in an unduly harsh manner individuals having previously committed such variant crimes as turkey stealing in Arkansas or blasphemy in New Jersey.

was authorized *and could be authorized in this state* irrespective of whether such sentence was imposed" (emphasis added).

It is noted that the statute, as originally drafted, was held to be constitutional. As stated by the Court of Appeals *(People v Parker, supra,* p 26):

"Thus, in this State, all persons who have been convicted, either in New York or another jurisdiction, of a crime for which a sentence in excess of one year may be imposed, are subject to second felony offender treatment and are treated equally.

"The Legislature, in enacting the challenged provision, exercised its considered judgment to provide that the seriousness of a crime should be determined by the severity of the sentence and the norms prevailing in the jurisdiction in which a crime was committed * * * The possible disparity of treatment between prior New York offenders vis-à-vis prior out-of-State offenders does not vitiate the legislative decision that an individual who has previously elected to violate the criminal standards of the society in which he was found should be treated as an habitual offender."

## IV

As previously mentioned, it is urged that in seeking to cure the perceived deficiencies in the original statute, the Legislature violated the equal protection mandate of the Constitution by illogically providing for disparate treatment of those who have been convicted of a prior felony in New York and those with an out-of-State conviction. The former are not afforded the benefit of any downgrading of the acts constituting the earlier crime while the latter are. This dissimilarity has already been found to be without a rational basis. As stated in *People v Shapiro* (100 Misc 2d 662, 664-665):

"The new legislation clearly intended to reject the concept behind the former statute. Instead of directing increased punishment toward those persons who had violated the felony norms of another State, such increased punishment was now limited to those who had flouted the *existing* norms of New York State, and only foreign offenses which were *presently* considered serious transgressions of the laws of this State could be considered predicate felonies.

"Ironically, in attempting to rectify a perceived unfairness, the new statute can be read to create a new unjust classifica-

tion different from the old disparate treatment only in that it now lacks *any* rational relationship to a legitimate State interest. While the new statute explicitly requires that any *foreign* conviction be based on an offense which is *presently* a felony in New York, it does not provide that a prior *New York* conviction must be similarly based on an offense which is *presently* a felony in New York. Thus a person who committed a prior offense in New York would be judged by the community norms of New York prevailing at the time of the offense, whereas a person committing the same offense in, for instance, New Jersey, would be judged by the current norms of New York. Additionally, if defendant had possessed the methadone in New Jersey instead of in New York, that possession could not be considered a prior felony conviction. There is no rational basis for such a distinction.

"It is not the case, here, as in *Parker (supra,* p 26) that 'all persons who have been convicted, either in New York or another jurisdiction of a crime for which a sentence in excess of one year may be imposed, are subject to second felony offender treatment and *are treated equally'* (emphasis added) because the person convicted in New York is treated more harshly than anyone else.

"Nor is this a case of the Legislature punishing conduct based upon the norms of the jurisdiction in which the crime was committed; indeed, the opposite result has been effected. The Legislature has itself expressly stated its intent to punish possession of small amounts of methadone in this jurisdiction *less* severely, as a misdemeanor only. It is thus completely contrary to that intent to punish defendant *more* severely by denying him the benefit given to those whose prior conviction was obtained elsewhere merely because defendant's prior conviction was obtained in New York. Like conduct demands like punishment in these circumstances.*

---

"* The court takes note of *People v Klein* (280 App Div 897, affd 305 NY 766), in which it was held that a felony must be treated in terms of its degree at the time of conviction. That case is not controlling here, as no equal protection problem was present in *Klein.*"

While we are in agreement with many of the observations made by Madam Justice PREMINGER in *People v Shapiro,* we do not agree that the statute presently bears no rational relationship to a legitimate State purpose. Equal protection does not require precise symmetry of treatment, and this

court must be ever mindful of its obligation to avoid second guessing the wisdom of a legislative enactment that is otherwise lawful. The statute concededly works a harsher result on those with a prior New York felony conviction, but the Legislature could determine within acceptable constitutional dimensions that it wishes to be more severe with those who have consistently violated the laws of this State. An individual with a history of violating our laws may be viewed as a greater threat to the peace and tranquility of the residents of New York than one who has previously carried on his illicit conduct elsewhere. All those with a prior New York felony conviction are treated equally. Accordingly, we must conclude that defendant has not satisfied his heavy burden of proof.

We must acknowledge that our task in evaluating the issue presented would have been eased had the legislative history of the challenged law pointed more clearly to the rationale adopted in enacting it. The background of the statute gives some indication that the present section 70.06 (subd 1, par [b], cl [i]) of the Penal Law was adopted to deal with the perceived inequities heretofore discussed (see, e.g., *People v Parker,* 41 NY2d 21 *supra).* Despite this, it is highly improbable that the amendment to section 70.06 was enacted with a view towards giving a prior New York felon the benefit of a subsequent change in the downgrading of the original crime. A similar claim has already been rejected (see *People v Klein,* 280 App Div 897, affd 305 NY 766). To accept such a view would be to go directly contrary to the avowed intentions to impose harsher treatment on recidivist criminals. Our analysis is consistent with the principles of statutory interpretation and the design of the statute.

Defendant's other contentions are without merit. He received the sentence agreed upon by the parties. Accordingly, the sentence and order appealed from must be affirmed.

MOLLEN, P. J., COHALAN and WEINSTEIN, JJ., concur.

Resentence and order affirmed.