■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRED SHAPIRO, Respondent. — Judgment, Supreme Court, New York County, rendered June 18, 1979, convicting defendant, upon his plea of guilty, of the crime of attempted robbery in the first degree and sentencing him to an indeterminate term of from one to three years, unanimously affirmed. The issue is whether defendant's 1974 conviction in this State of attempted possession of a controlled substance in the sixth degree, an E felony, based upon his guilty plea to possession, without prescription, of a bottle of a substance which contained at least one eighth of an ounce (aggregate weight) of methadone qualifies as a predicate felony with respect to the instant conviction. Within one year of defendant's 1974 conviction, the Legislature amended the statute to fix the penalties for possession of methadone on the basis of pure, rather than aggregate weight, and to except methadone from the definition of narcotic drug in subdivision 7 of section 220.00 of the Penal Law. (L 1975, ch 785, § 1; ch 786, § 1.) When the law was originally enacted methadone was distributed in tablet form only, and the Legislature apparently did not foresee its subsequent distribution in liquid form. (See *People v Carter,* 80 Misc 2d 1081, 1086-1087.) Obviously, as a liquid, the proportion of the drug to the entire mixture is significantly lower than when the narcotic is taken in tablet form. Under the amendment defendant's crime would have been a class A misdemeanor. (Penal Law, § 220.03.) Defendant controverted the People's statement charging him with a predicate felony conviction on the basis of the 1974 conviction. After a hearing (CPL 400.21), the court found that defendant was not a predicate felon, noting, *inter alia,* that defendant's right to equal protection had been violated since under the revised predicate felon statutes (Penal Law, § 70.06, as amd L 1975, ch 784, § 1, eff Aug. 9, 1975), an out-of-State conviction could not constitute a felony for predicate felony purposes if at the time of defendant's subsequent conviction it was not considered a felony in New York, while a New York conviction like that of defendant was sufficient to impose predicate felon status even though it was no longer a felony in New York. The same constitutional argument was rejected by the Second Department which, confronted with a similar issue, found that the statute served a rational purpose in distinguishing between foreign convictions and New York convictions, because the offender with a prior New York felony conviction might be viewed as a greater threat to New York residents. *(People v Pacheco,* 73 AD2d 370.) In affirming (53 NY2d 663) the Court of Appeals rejected the constitutional challenge on the ground of defendant's lack of standing. The three dissenters, however, did reach the constitutional issue and agreed with the Second Department. We need not consider the constitutional argument because, in our view, defendant faces predicate felon status only because of a legislative oversight, a factor not present in the *Pacheco* case. In the 1975 amendments to the drug law the Legislature provided for resen-

tencing of those convicted of class A felonies for methadone crimes to ameliorate the harshness of the mandatory life sentences which those defendants faced for the possession of relatively small quantities of methadone. For some inexplicable reason, however, the Legislature failed to provide for the resentencing of persons convicted of lesser degrees of the crime. Obviously, the implications of predicate felon status were not foreseen. It would be illogical to treat this defendant's 1974 conviction as a felony when those convicted of A felonies for violations of the same methadone-related drug laws then in effect were resentenced as A misdemeanants. (See *People v Jennerson,* 84 Misc 2d 56.) Thus, we see no reason to disturb the sentence. Concur — Sandler, J.P., Sullivan, Markewich, Lupiano and Fein, JJ.