OPINION OF THE COURT
John R Starkey, J.
On July 23, 1981, defendant was convicted, after pleading guilty to the entire indictment, of attempted burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar’s tools. At the time the plea was accepted, the court promised to sentence the defendant, after arraigning him as a second felony offender (Penal Law, § 70.06), to a term of imprisonment of two to four years, and, although advised of the fact that the defendant’s record included several felony convictions, further promised not to sentence the defendant as a persistant felony offender (Penal Law, § 70.10). Nevertheless, in spite of the foregoing, the People have, at the time of sentencing, moved for an order directing a hearing to determine whether the defendant should be sentenced as a persistent felony offender (CPL 400.20).
At the outset, it is clear that subdivision 2 of section 70.10 of the Penal Law vests the court with discretionary *859 authority to impose the sentence of imprisonment specified for a class A-l felony if the defendant is shown to be a persistent felony offender (see Hechtman, Practice Commentaries, McKinney’s Cons Laws Of NY, Book 39, Penal Law, § 70.10, p 220). Moreover, the holding of a hearing for the purpose of determining (a) whether, in fact, the defendant is a persistent felony offender, and (b) if so, whether a persistent felony offender sentence should be imposed, is likewise a matter left to the discretion of the court (CPL 400.20, subd 2). The factors to be considered by the court in granting or denying a motion for a hearing are (a) information made available to the court prior to sentencing which indicates that the defendant is a persistent felony offender, and (b) when, in the opinion of the court, such information shows that a persistent felony offender sentence may be warranted. (CPL 400.20, subd 2.)
Section 70.10 of the. Penal Law sets forth further criteria for determining whether an individual is a persistent felony offender. Section 70.10 (subd 1, par [a]) of the Penal Law defines a persistent felony offender as a person “other than a persistent violent felony offender *** who stands convicted of a felony after having previously been convicted of two or more felonies, as provided in paragraphs (b) and (c) of this subdivision”. Paragraph (b) provides that “A previous felony conviction within the meaning of * * * this subdivision is a conviction of a felony in this state, or of a crime in any other jurisdiction, provided: (i) that a sentence to a term of imprisonment in excess of one year, or a sentence to death, was imposed therefor; and (ii) that the defendant was imprisoned under sentence for such conviction prior to the commission of the present felony; and (iii) that the defendant was not pardoned on the ground of innocence”. Paragraph (c) is not relevant to the issues herein.
It is indisputable that the defendant has a lengthy history of criminal activity, including numerous misdemeanor convictions. However, after having reviewed the information provided by the New York City Department of Probation, the office of the Kings County District Attorney, and court records of the defendant’s prior convictions, the court is of the opinion that a persistent felony offender *860 sentence is not warranted, and that a hearing is therefore unnecessary.
Defendant was convicted of his first felony on March 21, 1962, at which time he pleaded guilty to the crime of attempted burglary in the third degree, and was sentenced to an indeterminate term in the New York City Department of Correction. This sentence, informally known as the “pen-indef”, was formally titled the “Parole Commission Law” and provided for in former section 203 of the Correction Law. Intended by the Legislature to serve as an alternative to sentencing under the Penal Law, it basically provided for the sentencing, in cities of the first class, of defendants who were not “[i]nsane, or mentally or physically incapable of being substantially benefited” (Correction Law, former § 203, subd [e], par 3; People v Thompson, 251 NY 428), to a sentence not to be fixed or limited by the sentencing court. Rather, the term of imprisonment was to be terminated by the local parole commission, subject to the approval of the sentencing Judge (Correction Law, former § 204), but in no case was to exceed three years (Correction Law, former §203, subd [b]). Although the Parole Commission Law was repealed in 1967 (L 1967, ch 324, § 6), and has no counterpart under the modern Penal Law, the question now to be considered, and which appears to be one of first impression, is whether such an indeterminate sentence is a sentence in excess of one year.
Courts faced with the applicability of the Parole Commission Law, in contexts other than that dealt with herein, appeared to be troubled in the treatment to be accorded it. One court stated that the sentence “is neither definite nor indeterminate. It is a peculiar kind of sentence *** in which the maximum is three years and in which the minimum is within the absolute discretion of the commission”. (People ex rel. Angley v Warden, 153 Misc 307, 314; see, also, People ex rel. Ackerson v Snyder, 60 NY2d 222; People ex rel. Welch v Slattery, 38 NY2d 11.) However, all made reference to the “substantial benefit” standard contained in the Parole Commission Law, and thus concluded that, unlike the sentencing provisions of the Penal Law, which contained no such language, the Parole Commission Law had as its objective inmate reformation and correction *861 rather than punishment. (People v Thompson, supra; People ex rel. St. Clair v Davis, 143 App Div 579; People ex rel. Angley v Warden, supra.)
In light of the foregoing, it is this court’s view that the imposition of a sentence of imprisonnient in the New York City Department of Correction for an indeterminate term should not be considered a sentence of imprisonment in excess of one year. In addition to the social policies and rehabilitative ends deemed served at the time by the statute, as well as the fact that such a sentence was to be imposed in lieu of a “harsher” definite sentence where the court had found that the defendant could be substantially benefited thereby, as a practical matter this sentence of imprisonment could, where the parole commission determined accordingly, be less than one year, although by the same determinative process, could have exceeded one year (see People v Slattery, supra). Based upon all of these factors, it is the opinion of this court that the defendant’s first felony conviction does not qualify as a predicate felony under section 70.10 of the Penal Law.
On June 8, 1966, the defendant was convicted, upon a plea of guilty, for the crime of attempted possession of burglar’s instruments, pursuant to section 408 of the former Penal Law, and sentenced to a term of not less than one year nine months and not more than three years. Under this section, this crime was a misdemeanor, except where such person had previously been convicted of any crime, in which case the level was raised in grade to a felony. The revised Penal Law rejected this “unsound grading scheme”, and at the present time possession of burglar’s tools is a misdemeanor, regardless of the offender’s past criminal record (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.35, p 52).
In view of this clear mandate from the Legislature, the interests of justice would be ill-served if new life were to be breathed into the discarded policies and practices of another era. This situation is analogous to that in People v Shapiro (81 AD2d 762). There, defendant pleaded guilty to attempted robbery in the first degree, and although he had previously been convicted of attempted possession of a *862 controlled substance in the sixth degree, a class E felony based upon possession of a quantity of methadone, was sentenced by the trial court as a first-time felony offender. The Appellate Division, First Department, in affirming this sentence, noted that within one year of the defendant’s prior conviction, the Legislature amended the drug law so as to ameliorate the harshness of some of its provisions and consequently under the amendment defendant would have been guilty of a class A misdemeanor. Hence, the prior crime was held not to qualify as a predicate felony with respect to the subsequent conviction. While not bound to follow this holding, the court is persuaded by its rationale, and accordingly finds that the defendant’s conviction of June 8,1966, cannot be considered to qualify as a predicate felony for a persistent felony offender sentence.
Defendant’s subsequent felony convictions can be dealt with summarily. On July 21, 1972, defendant pleaded guilty to attempted burglary in the third degree, a class E felony, and was sentenced to a maximum term of imprisonment of one year. Since, as noted, section 70.10 (subd 1, par [b], cl [i]) of the Penal Law provides that only a sentence to a term of imprisonment in excess of one year can be considered, this conviction does not fall within the ambit of the subdivision. On October 30, 1973, the defendant was convicted, on a plea of guilty, to attempted burglary in the third degree and sentenced to a term of one and one-half to three years. This conviction clearly qualifies as a predicate for a persistent felony offender sentence, but stands alone as such. Accordingly, the motion of the People is in all respects denied, and the court adheres to the terms of the promise made to the defendant at the time his plea of guilty was allocated.