■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN M. VINCENT, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 7, 1983, convicting defendant, upon his plea of guilty, of the crime of attempted murder in the second degree.

On February 25, 1982, defendant stabbed two police officers in the City of Elmira, causing serious injury to both of them. He subsequently pleaded guilty to the crime of attempted murder in

the second degree and was sentenced as a persistent felony offender to a prison term of 15 years to life.

On this appeal, defendant contends that he was improperly sentenced as a persistent felony offender pursuant to section 70.10 of the Penal Law because his previous terms of imprisonment were insufficiently long to satisfy the requirements of the statute. We disagree. Pursuant to that section, the sentencing court has the discretionary authority to impose the prison term authorized for a class A-I felony (with a minimum of 15 to 25 years and a maximum of life) upon a defendant who commits any felony after his incarceration for two separate felony convictions rendered in any jurisdiction (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.10, p 220). The second felony must have been committed after the defendant's incarceration for the first, and both sentences must have been "in excess of one year, or a sentence to' death" (Penal Law, § 70.10, subd 1, par [b], cl [i]).

The record discloses that three separate felony convictions have been rendered against defendant (for two burglaries and one assault) in the Commonwealth of Pennsylvania, for which he received sentences of 9 to 23 months; 7 to 23 months, 29 days; and 1 to 6 years, respectively. However, defendant argues that he should not have been sentenced as a persistent felony offender under section 70.10 since it was not shown that he actually served over one year pursuant to either of the first two sentences. This contention is unpersuasive.

Section 70.10 (subd 1, par [b], cl [i]) of the Penal Law specifically provides that a person may be sentenced as a persistent felony offender when, *inter alia,* he has incurred two previous felony convictions, for each of which "a sentence to a term of imprisonment in excess of one year * * * *was imposed"* (emphasis added). It does not state that a term in excess of one year must actually have been served. Further, clause (ii) provides that the defendant must have been "imprisoned under sentence for [each] such conviction". It does not require that the defendant must have been imprisoned for over one year on each conviction. The language of this section is so clear that this court is not at liberty to interpret it further or "to engraft exceptions where none exist" (McKinney's Cons Laws of NY, Book 1, Statutes, § 76, p 168; see, also, § 94). This is especially true in view of defendant's failure to provide any support for his interpretation of the statute. Accordingly, this contention is rejected.

We are similarly unpersuaded by defendant's contention that his sentence was harsh and excessive. In view of the heinous and violent nature of defendant's unprovoked knife attack on two

police officers, together with his lengthy prior criminal record, it is clear that the court did not abuse its discretion in sentencing him (see *People v Jones,* 85 AD2d 50, 55).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.