■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v EARL ELLISON, Appellant-Respondent.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered February 6, 1981, as amended February 26, 1981, convicting him of robbery in the second degree (three counts), grand larceny in the second degree (three counts), and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence, and cross appeal by the People from so much of the same

judgment, as amended, as sentenced the defendant as a second felony offender, to indeterminate terms of imprisonment of 7½ to 15 years on the robbery counts, 3 to 6 years on the grand larceny counts, and 3 to 6 years on the criminal possession of stolen property count.

Judgment, as amended, affirmed.

At approximately noon on February 1, 1979, a branch of the Manufacturers Hanover Trust Company, located at Flushing and Washington Avenues in Brooklyn, was robbed by two masked men who fled on foot. Shortly before the robbery, the defendant was seen by police officers driving slowly past the bank in an automobile along with two male passengers, one of whom was later identified as the codefendant Gary Smith. All three men were peering intently into the bank and the officers' suspicions were so sufficiently aroused that they noted the license number of the automobile. At that time, the defendant, the driver of the vehicle, appeared to be wearing a green field jacket.

Minutes after the robbery, the police discovered the defendant's car parked on a sidewalk about a block from the bank. When questioned, the defendant falsely told the police that the car would not start, although it was, in fact, operable. The defendant gave his address as 201 Clinton Avenue, apartment 2D, a location approximately four blocks from the bank. The Clinton Avenue address was also listed on the defendant's driver's license. Responding to that address, the police found the codefendant Gary Smith and the codefendant David Webb, who fit the general description of the second passenger in the defendant's car, in apartment 2D, which had the names of the defendant and another on the door. The codefendants were in possession of a large amount of money, including "bait" money from the robbed bank, and a number of Manufacturers Hanover bank wrappers. Additionally, a green field jacket, similar to the one the defendant had been seen wearing was seized from a closet in that apartment. A quantity of money and part of a bank wrapper was found in one of the pockets of the jacket.

It is conceded that the defendant could not have been one of the two robbers who entered the bank, as those persons were described to be of average height, and it was stipulated that the defendant is 6 feet, 6 inches. Nevertheless, the evidence was sufficient to support the defendant's conviction. The indictment charged the defendant with committing the crimes while acting in concert with the codefendants, and the defendant requested and received a charge on circumstantial evi-

dence. Viewing the evidence in a light most favorable to the People, as we must *(see, People v Contes,* 60 NY2d 620, 621) we conclude that any rational trier of fact could have found the essential elements of the crimes the defendant was charged with beyond a reasonable doubt.

We have considered the defendant's other contentions and found them to be without merit.

As the defendant was sentenced on the same day for both of the violent felonies upon which the People relied in seeking to have the defendant adjudicated as a persistent violent felony offender, those two convictions may only count as one predicate felony for the purpose of Penal Law § 70.08, thus precluding the defendant from being sentenced as a persistent violent felony offender *(see, People v Morse,* 62 NY2d 205, *appeal dismissed sub nom. Vega v New York,* 469 US 1186). Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.