■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIGOBERTO MELERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 22, 1990, convicting him of attempted murder in the second degree, upon a jury verdict, and sentencing him as a persistent felony offender to an indeterminate term of 15 years to life imprisonment.

Ordered that the judgment is modified, on the law, by (1) vacating the sentence imposed, and (2) vacating the adjudication that the defendant is a persistent felony offender and substituting therefor an adjudication that the defendant is a second violent felony offender; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing of the defendant as a second violent felony offender.

The People concede that the Supreme Court erred in adjudicating the defendant to be a persistent felony offender. In 1972, the defendant was convicted of criminal possession of dangerous drugs in the fourth degree and sentenced to a term of imprisonment of one year. Because the sentence was not in *excess* of one year, that conviction could not be considered a previous felony for the purpose of adjudicating the defendant a persistent felony offender *(see,* Penal Law § 70.10 [1] [b] [i]; *see also, People v Vincent,* 105 AD2d 468, 469; *People v Moran,* 110 Misc 2d 858; *cf., People v Griffin,* 168 AD2d 972). In 1978,

the defendant was convicted under Kings County Indictment Number 3272/77 of manslaughter in the first degree and criminal possession of a weapon in the second degree. Sentence was imposed on the same day with respect to these two felonies. Hence, the felonies must be treated as one prior felony conviction (see, Penal Law § 70.10 [1] [c]; cf., People v Morse, 62 NY2d 205, 221-225; People v Ellison, 121 AD2d 462; People v Sykes, 110 AD2d 918). In the absence of two prior felony convictions, as defined in Penal Law § 70.10, the defendant was improperly adjudicated a persistent felony offender, and should be resentenced as a second violent felony offender.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit (see, People v Medina, 53 NY2d 951; People v Crimmins, 36 NY2d 230; People v Jalah, 107 AD2d 762, 763). Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.