■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON NELSON, Also Known as DAVID BOWEN, Appellant. [655 NYS2d 642] —Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (George, J.), imposed October 2, 1992, the sentence being two concurrent indeterminate terms of 15 years to life imprisonment as a persistent felony offender, upon his convictions of robbery in the third degree and grand larceny in the fourth degree, respectively, both sentences to run consecutively to an indeterminate sentence of fifteen years to life imprisonment imposed upon his conviction of reckless endangerment in the first degree, upon a jury verdict.

Ordered that the sentence is reversed, on the law, the adjudication that the defendant is a persistent felony offender is vacated, and the matter is remitted to the Supreme Court, Kings County, for resentencing of the defendant as a second felony offender.

Upon the defendant's first felony conviction he received a sentence of probation and six months imprisonment. After his release, and while serving his term of probation, he committed his second felony. Upon that felony he was sentenced to an indeterminate term of 18 months to 3 years imprisonment to run concurrently with an indeterminate term of 1 to 3 years imprisonment imposed upon the violation of probation. Since the second felony was committed before he received a sentence in excess of one year for the first felony (Penal Law § 70.10 [1] [b]; *People v Melero*, 182 AD2d 839), the two convictions only count as one predicate felony for purposes of the persistent felony offender law *(see,* Penal Law § 70.10 [1] [c]; *People v Morse,* 62 NY2d 205; *People v Sykes,* 110 AD2d 918). Therefore, as the People correctly concede, the sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing *(see, People v Sykes, supra).*

The defendant's remaining contentions are either unpreserved for appellate review, or need not be addressed in light of our determination. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.