OPINION OF THE COURT
Sheri S. Roman, J.
*409 Defendant Michael Michaelides moves by notice of motion for an order pursuant to Criminal Procedure Law § 440.20 (1) for an order setting aside his sentence on the ground that it is illegally imposed or otherwise invalid as a matter of law, or, in the alternative, resentencing defendant consistent with the current sentencing provisions of the recently enacted Rockefeller Drug Law Reform Act, chapter 738 of the Laws of 2004, effective January 13, 2005.
Defendant and 12 codefendants were indicted in July 1996 and charged in a 53-count indictment, inter alia, with conspiracy in the second degree, criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and criminal sale of a controlled substance in the third degree.
The charges arose out of an investigation by law enforcement officials into a multimillion dollar operation for the sale of cocaine in Queens County which took place between August 14, 1995 and June 27, 1996.
On September 25, 1996, defendant pleaded guilty before Judge Chetta to criminal sale of a controlled substance in the second degree, a class A-II felony, in violation of Penal Law § 220.41 (1), in full satisfaction of the indictment. On October 17, 1996 defendant was sentenced by Judge Chetta as a second felony offender to an indeterminate term of imprisonment of from 10 years to life. Defendant’s second felony status was based upon a 1990 conviction in which defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree for which he received a sentence of five years’ probation.
On December 14, 2004, Governor Pataki signed into law chapter 738 of the Laws of 2004, known as the “2004 Rockefeller Drug Law Reform Act” (DLRA), which, among other things, includes provisions that increased the weight thresholds from four to eight ounces for A-I felony drug possession and from two to four ounces for A-II felony drug possession, changed the sentencing structure for drug felonies from indeterminate to determinate sentences, eliminated life sentences, permitted certain sentenced A-I drug offenders to apply for immediate resentencing and provides for sentenced A-II drug offenders to have additional merit reductions of the minimum term of their sentences. The new law also provides for the termination of lifetime parole for sentenced class A-I and A-II felony drug offenders after three years of unrevoked parole.
*410 Defendant now moves to vacate his sentence and to be resentenced under the provisions of the Drug Law Reform Act which went into effect on January 13, 2005. The new sentence for an A-II drug offender who has a prior nonviolent felony is a determinate sentence between 6 and 14 years with five years’ postrelease supervision.
Under section 23 of the new legislation, the retroactive resentencing provisions apply only to those sentenced defendants who have been convicted of an A-I drug offense and have been sentenced to an indeterminate term of imprisonment of at least 15 years to life. Defendant Michaelides, as a sentenced A-II felony drug offender, is not eligible to be resentenced under that provision. The new legislation specifically states under section 23 that, upon an application to be resentenced retroactively if the court finds that a prisoner moving for resentencing, “does not stand convicted of such a class A-I felony offense, it shall issue an order denying the application.” Thus, defendant’s motion must be denied under that provision.
The new legislation does, however, provide retroactive ameliorative measures for those sentenced as class A-II felony drug offenders, such as an additional merit time reduction of one sixth off their minimum sentence, as well as termination of lifetime parole after three years of unrevoked parole.
With respect to retroactivity of the Drug Law Reform Act, section 41 provides that the new sentencing guidelines with the exception of certain enumerated provisions, such as resentencing of A-I felony drug offenders, shall only apply to crimes committed on or after the effective date.
Defendant maintains that he has been deprived of equal protection and due process under the State and Federal Constitutions by the failure of the Legislature to permit retroactive resentencing for those currently serving sentences for A-II convictions while allowing those defendants convicted for A-I drug felonies to have retroactive relief in the form of resentencing under the new sentencing structure. Defendant maintains that there is an unconstitutional disparity in the retroactive application of the new legislation.
In determining applications to declare a law unconstitutional, it has been held that the court must take into account that “acts of the Legislature enjoy a strong presumption of constitutionality” and that “[t]he substantial burden of proving unconstitutionality beyond a reasonable doubt rests with a statute’s antagonist.” (People v Scalza, 76 NY2d 604, 607 [1990].)
*411 The United States Supreme Court has held that “[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike.” (Cleburne v Cleburne Living Center, Inc., 473 US 432, 439 [1985] [internal quotation marks omitted].) However, “[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.” (Cleburne, supra at 440.)
“Equal protection does not require absolute equality, however, or precisely equal advantages. Rather, in the absence of a classification affecting fundamental rights or creating suspect classifications which must be invalidated unless justified by some compelling State interest, equal protection requires only that a classification which results in unequal treatment rationally further ‘some legitimate, articulated state purpose.’ ” (Matter of Doe v Coughlin, 71 NY2d 48, 56 [1987], quoting McGinnis v Royster, 410 US 263, 270 [1973].)
Moreover, the Supreme Court has stated that a legislative enactment “ ‘must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.’ ” (Heller v Doe, 509 US 312, 320 [1993], quoting FCC v Beach Communications, Inc., 508 US 307, 313 [1993].)
In this case, this court finds that there are facts which provide a rational basis for the recent legislative enactment which permits A-I drug offenders to be resentenced immediately. The press release published by the Office of the Governor upon the signing of the new legislation and the memorandum in support of the legislation (2004 NY Assembly Bill A 11895) indicate that the Legislature believed that the long minimum sentences currently being served by A-I drug offenders, which range between 15 to life and 25 to life, are much harsher and more egregious than the sentences presently being served by A-II drug offenders. The sentences for A-II felony drug offenders ranged under the old law from between 3 years to life to SVs years to life. The defendant in this case received a 10-year minimum sentence due to the fact that he was a second felony offender. The press release states that “[h]undreds of non-violent offenders serving unduly long sentences will have an opportunity to be immediately reunited with their families.”
*412 Thus, this court can infer that one legislative purpose for permitting immediate retroactive resentencing for A-I and not for A-II offenders was to allow for the release of those drug offenders serving the harshest and longest minimum sentences. Notably, the minimum sentence for A-I felony drug offenders under the old law of 15 years is five times greater than the three-year minimum sentence for A-II offenders.
This court finds that the significant differences in the old sentencing structure provides rational basis for the different treatment accorded to A-I and A-II felony offenders.
In addition, by allowing A-I felons to be immediately resentenced, the Legislature also intended to lessen any disparity in the treatment of defendants sentenced under the old law as opposed to the new law. The minimum sentences for A-I felons who are first offenders under the new law, a determinate sentence between 8 and 20 years, is substantially lower than the 15-to-25-year minimum under the old law. However, there is not a significant disparity in the determinate sentence for A-II first offenders under the new law, to wit, between 3 and 10 years as compared to the minimum sentence of between 3 and 8V3 years under the old law.
The Legislature did, in fact, give consideration to the severity of A-II sentences by providing for immediate ameliorative measures, such as additional merit time benefits as well as termination of lifetime parole. The law provides that both A-I and A-II offenders who are on parole are eligible for the retroactive benefit of termination of lifetime parole after three years of unrevoked parole.
The new legislation also furthers the State’s interest as stated in the Assembly memorandum in support of the new law in that the retroactive sentencing provision for A-I felons only affects approximately 400 inmates, whereas resentencing all lower level drug offenders could cause an undue burden on the court system. Defendant’s suggested relief would affect an enormously greater number of defendants and have a more substantial impact on the court system.
The United States Supreme Court has indicated, “A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it” (McGowan v Maryland, 366 US 420, 426 [1961]). In this case, the difference in the severity of the sentences justifies the different treatment. Defendant has failed to establish beyond a reasonable doubt that the different provisions for retroactive sentencing between convicted A-I drug *413 offenders and convicted A-II drug offenders does not rationally further a legitimate legislative purpose. (People v Scalza, 76 NY2d 604 [1990]; People v Pacheco, 73 AD2d 370 [2d Dept 1980].)
Defendant’s argument, that the law under which he was sentenced is unconstitutional as a violation of the Eighth Amendment’s ban against cruel and unusual treatment, is also lacking in merit. The Court of Appeals has held in People v Broadie (37 NY2d 100 [1975]) and in People v Thompson (83 NY2d 477 [1994]) that the mandatory maximum sentence of life imprisonment for drug-related offenses did not violate the constitutional prohibitions against cruel and unusual punishment.
Accordingly, in view of the fact that defendant pleaded guilty and was sentenced prior to the effective date of the DLRA and as defendant’s conviction was not for a class A-I drug felony, the defendant is not eligible to be resentenced.
Defendant’s motion is, therefore, denied.